Boyce *v.* Fitzpatrick.

No. 8740.

## BOYCE *v.* FITZPATRICK.

NEGLIGENCE.—*Injury to Employee by Negligence of Co-Employee.—Liability of Employer.*—An employer is not liable to one of his servants for the negligence of a fellow-servant engaged in the same general undertaking, unless the employer has been guilty of negligence in the selection of an incompetent servant, by reason of whose unfitness the injury has occurred.

SAME.—*Pleading.—General Allegation.*—In general, it is sufficient to allege in a complaint that the injury was produced by the negligence of the defendant in a specified act or omission, without stating the particulars of the negligence.

SAME.—*Employee's Right to Assume Ordinary Care and Precaution of His Employer.*—While a servant assumes the risk, more or less hazardous, of the service in which he engages, he has a right to assume that all reasonable attention will be given by his employer to his safety, so that he will not be carelessly and needlessly exposed to risks which might be avoided by ordinary care and precaution on the part of his employer, and where, in the absence of such care and precaution, an employee is injured, the employer is liable, although the negligence of a fellow-servant contributed to the injury complained of.

PRACTICE.—*Motion to Make Specific.*—When the allegation of a pleading is deemed indefinite and uncertain, the remedy is by motion to make more specific, and not by demurrer.

From the Delaware Circuit Court.

*J. N. Templer, R. S. Gregory* and *J. R. McMahan,* for appellant.

*J. S. Buckles* and *J. W. Ryan,* for appellee.

BICKNELL, C. C.—This was a suit by Fitzpatrick against Boyce, for an injury sustained by Fitzpatrick, while working at a flax-brake in Boyce's factory.

The suit was commenced against Boyce and his foreman, Dunlap, but was dismissed as to Dunlap; it went to trial by a jury, upon a third paragraph of complaint, a general denial thereof, and a special defence denied by the plaintiff; the jury found a verdict for the plaintiff, with $500 damages; the defendant's motions for a new trial and in arrest of judgment, were overruled; judgment was rendered upon the verdict and the defendant appealed.

The following errors are assigned:

1st. The court erred in overruling appellant's demurrer to the third paragraph of the complaint.

2d. The court erred in striking out the 3d, 4th, 5th, 6th, 7th and 8th paragraphs of defendant's answer.

3d. The court erred in overruling the motion for a new trial.

4th. The court erred in overruling the motion in arrest of judgment.

5th. The third paragraph of the complaint does not state facts sufficient to constitute a cause of action against the appellant.

As to the second of these alleged errors, the appellant, in his brief, says : " The second assignment raises no question of importance, since every fact the appellant sought to prove in his defence, was admitted under the remaining paragraphs of answer."

The first, fourth and fifth alleged errors present substantially the same question ; they will be considered together. The third paragraph of complaint avers that the appellant's superintendent and manager, in charge of the machinery of the factory, was William Dunlap, and that the appellee was engaged, under his direction, in feeding one of the flax-brakes, which, by the carelessness and negligence of the appellant, in arranging and placing the same, was very dangerous and hazardous to work at, which appellant well knew, and also knew that, to operate it without danger, required great care in its arrangement and such safeguards and protections as could have been made, to prevent injury ; that the appellee was a common laborer, ignorant of such machinery, and unable to discover any defects in the machinery, or in its arrangement, and supposed the proper safeguards had been provided, and while working at said flax-brake, without any fault or negligence of his, was, by the carelessness and negligence of the appellant, in the arrangement of said flax-brake and machinery, and the recklessness of said Dunlap in passing straw to said flax-brake, thrown violently and helplessly upon said brake, whereby his arm was caught in the machinery and broken, so that it had to be amputated, to his damage $10,000.

The complaint does not charge any defect in the machinery itself, nor any incompetency or unfitness in Dunlap, nor any negligence in appellant in employing Dunlap; it alleges two causes as producing the injury : First. Carelessness and negligence of the appellant in the arrangement of the flax-brake and machinery, without proper safeguards. Second. The recklessness of Dunlap in passing straw to the flax-brake.

So far as the complaint charges the recklessness of Dunlap as causing the injury, it states no cause of action. The plaintiff and Dunlap were fellow-servants, employed by the appellant, and engaged in different branches of the same general undertaking; and it is well settled that an employer is not liable to one of his servants for the negligence of a fellow-servant engaged in the same general undertaking, unless the employer has been guilty of negligence in the selection of an incompetent servant, by reason of whose unfitness the injury has occurred. *Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261.

So far as the complaint charges that the injury was caused by the carelessness and negligence of the appellant in the arrangement of the flax-brake and machinery, without proper safeguards, the appellant claims, in his brief, that the " statements are too vague and indefinite, and uncertain, in failing to state wherein the arrangement of the machinery was defective, and what the safeguards and protections were which ought to have been provided;" but the averment is, that the machinery was carelessly and negligently arranged by the appellant, without proper safeguards and precautions. If this statement was too general, the proper remedy was a motion to make the complaint more specific and certain; such a defect is not reached by a demurrer. *Fultz* v. *Wycoff,* 25 Ind. 321; *Ohio, etc., R. W. Co.* v. *Collarn, supra.* And it is, in general, sufficient to allege that the injury was produced by the negligence of the defendant, in a specified act or omission, without stating the particulars of the negligence. *Indianapolis, etc., R. R. Co.* v. *Taffe,* 11 Ind. 458; *Indianapolis, etc., R. R. Co.* v. *Keeley's Adm'r,* 23 Ind. 133.

The demurrer being to the entire complaint, and the complaint being good as to the matter now under consideration, the demurrer was properly overruled, the motion in arrest of judgment was properly overruled, and the assignment, that the complaint did not state a sufficient cause of action, can not be sustained.

The next question is, was the motion for a new trial properly overruled?

In support of the motion for a new trial, seven reasons were filed. The sixth and seventh are not alluded to in the appellant's brief, and are, therefore, regarded as waived. The first five reasons amount substantially to this, that the verdict is contrary to the law and to the evidence. The appellant, in his brief, claims that the evidence shows that the proximate cause of the injury was not any act or omission of the appellant, but was the act of Dunlap, in recklessly passing the straw to the flax-brake, and that without that act of Dunlap, the injury could not have occurred; the appellant also claims the law to be that, where a servant enters upon an employment, where machinery is used, necessarily more or less dangerous, and fails to protect himself by any stipulation in his contract, he is presumed to assume the risk, and is supposed to be compensated therefor by the price of his labor. There are, undoubtedly, cases in which the positions thus assumed by the appellant would be well taken; but there is an obligation upon the employer; the legal implication is that he will adopt suitable instruments and means with which to carry on his business; these he can provide and maintain, by the use of suitable care and foresight; if he fails to do so, he is guilty of a breach of duty under the contract, for the consequences of which he will be held responsible. *Gibson* v. *Pacific R. R. Co.*, 46 Mo. 163; see also, *Ryan* v. *Fowler*, 24 N. Y. 410; *Cayzer* v. *Taylor*, 10 Gray, 274; *Coombs* v. *The New Bedford Cordage Co.*, 102 Mass. 572; *Hayden* v. *Smithville Manfg. Co.*, 29 Conn. 548. These cases show that, while

a servant assumes the risk, more or less hazardous, of the service in which he engages, he has a right to assume that all reasonable attention will be given by his employer to his safety, and that he shall not be carelessly and needlessly exposed to risks, which might be avoided by ordinary care and precaution on the part of his employer. The evidence in this case was conflicting; there was testimony from which the jury might fairly infer that there was no negligence or carelessness in the act of Dunlap, in passing the straw towards the flax-brake, but that there was culpable negligence and want of ordinary care in the appellant, in placing and arranging the flax-brake and the other machinery in dangerous proximity to each other without proper safeguards and precautions, thereby exposing the plaintiff to unnecessary risk and danger, which might have been prevented by ordinary care on the part of the appellant. But even if there were some negligence on the part of Dunlap, it was held in *Cayzer* v. *Taylor, supra,* that a master is liable to his servant for injuries resulting from his defective machinery, although the negligence of a fellow-servant contributed to the accident. And, see *Mitchell* v. *Robinson, ante* p. 281. Where there is testimony fairly tending to support the verdict, this court will not disturb it. *City of Lafayette* v. *Larson,* 73 Ind. 367. This court can not judge of the credibility of the witnesses. "There may be, and doubtless are, cases wherein the trial court ought unhesitatingly to set aside the verdicts of juries; but, if they do not take and discharge the responsibility, this court can not undertake to review their action." Per WOODS, J., in *Toney* v. *Toney,* 73 Ind. 34.

There was no error in overruling the motion for a new trial, and there is no available error in the record. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.

Petition for a rehearing overruled.