Krueger, Adm'r, *v.* The Louisville, New Albany and Chicago R'y Co.

No. 12,432.

KRUEGER, ADMINISTRATOR, *v.* THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY.

MASTER AND SERVANT.—*Duty of the Master to Provide Safe Working Places and Machinery.—Negligence.*—It is the duty of the master to use ordinary care and diligence to provide safe working places and safe machinery and appliances for his employees, the neglect of which is an actionable wrong, and he can not absolve himself from liability by delegating such duty to an agent.

SAME.—*Fellow-Servant.— Vice-Principal.*—The negligence of a fellow-servant, or co-employee acting as such, will not authorize a recovery, although he may be a superior officer, an agent or a foreman; but if the superior agent is charged with the performance of the master's duty, to that extent his acts and negligence are those of the master.

SAME.—*Railroad.—Master Mechanic.—Fireman.—Defective Locomotive.*—By order of the division master mechanic of a railroad company, a tender belonging to one engine was attached to another of different construction, its deck being three to four inches higher than that of the engine. The use of the locomotive as thus constituted was rendered dangerous, by reason of lost motion and the liability of the tender to become detached, and the engineer so notified the master mechanic. While the fireman was engaged in shovelling coal into the fire-box, the engine and tender parted and the fireman was killed.

*Held,* that the company is liable.

From the Laporte Circuit Court.

*D. J. Wile* and *F. E. Osborn,* for appellant.

ELLIOTT, C. J.—The appellant's intestate was in the service of the appellee as a fireman on one of its locomotives, and was killed while discharging the duties imposed upon him by his employment.

There was evidence showing that by order of the division master mechanic of the appellee, James McAuliffe, a tender belonging to engine number 9 was attached to engine number 5; that the deck of the tender was three to four inches higher than the deck of the engine to which it was attached; that this difference in height made the use of the engine and tender dangerous, and that the engineer in charge of the locomotive notified the master mechanic of that fact.

The engineer testified that the difference in height caused an inch of lost motion, and Elijah T. Behan, master mechanic of the Michigan Central Railroad, who had for twenty-two years been acquainted with the construction, use and repairs of locomotives and attachments, testified that "the greatest amount of lost motion permissible is half an inch." Other witnesses testified that the lost motion caused by the attachment of the tender of engine number 9 to engine number 5 caused a much greater degree of lost motion, and rendered the use of the engine and tender dangerous because of the liability of the tender to become detached from the engine.

The appellant's intestate was killed by the parting of the engine and tender, while engaged in shovelling coal into the fire-box of engine number 5. "The engine," as the engineer says, "in an instant, without any warning, broke away from the tender and the rest of the train, and ran about two hundred feet," and the tender and some of the cars ran over the decedent.

It is the duty of the master to use ordinary care and diligence to provide safe working places and safe machinery and appliances for those in his service. A neglect of this duty is an actionable wrong. *Bradbury* v. *Goodwin*, 108 Ind. 286; *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151; *Baltimore, etc., R. R. Co.* v. *Rowan*, 104 Ind. 88; *Indiana Car Co.* v. *Parker*, 100 Ind. 181, and authorities cited p. 187.

This duty rests on the master, and he can not absolve himself from liability by delegating it to an agent. "Where the duty is one owing by the master, and he entrusts its performance to an agent, the agent's negligence is that of the master." *Indiana Car Co.* v. *Parker, supra.* The negligence of a fellow-servant or co-employee, acting as such, will not authorize a recovery in any case, although the fellow-servant or co-employee may be a superior officer, an agent or a foreman; but, if the superior agent is charged with the performance of the master's duty, then, in so far as that duty is concerned, his acts and his negligence are the acts and the

negligence of the master, and not simply those of a co-employee or fellow-servant. *Capper* v. *Louisville, etc., R. W. Co.,* 103 Ind. 305; *Atlas Engine Works* v. *Randall,* 100 Ind. 293 (50 Am. R. 798); *Indiana Car Co.* v. *Parker, supra; Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261 (273) (38 Am. R. 134); *Mitchell* v. *Robinson,* 80 Ind. 281 (41 Am. R. 812); *Hough* v. *Railway Co.,* 100 U. S. 213; *Mullan* v. *Philadelphia, etc., Co.,* 78 Pa. St. 25 (21 Am. R. 2); *Gunter* v. *Graniteville, etc., R. R. Co.,* 18 S. C. 262 (44 Am. R. 573); *Crispin* v. *Babbitt,* 81 N. Y. 516 (37 Am. R. 521); *Flike* v. *Boston, etc., R. R. Co.,* 53 N. Y. 549 (563) (13 Am. R. 545); *Corcoran* v. *Holbrook,* 59 N. Y. 517 (17 Am. R. 369); *McCosker* v. *Long Island R. R. Co.,* 84 N. Y. 77; *Brothers* v. *Cartter,* 52 Mo. 372; *Tierney* v. *Minneapolis, etc., R. W. Co.,* 33 Minn. 311 (53 Am. R. 35); *Towns* v. *Vicksburg, etc., R. R. Co.,* 37 La. Ann. 630 (55 Am. R. 508).

The Supreme Court of Massachusetts was one of the first of the American courts to declare the rule that a master is not liable to a servant for an injury caused by the negligence of a fellow-servant, and by no other court has the rule been more rigidly enforced; yet that court very fully approves the rule asserted by the authorities to which we have referred.

In *Ford* v. *Fitchburg R. R. Co.,* 110 Mass. 240 (14 Am. Rep. 598), it was said: "The agents who are charged with the duty of supplying safe machinery are not, in the true sense of the rule relied on, to be regarded as fellow-servants of those engaged in operating it. They are charged with the master's duty to his servant. They are employed in distinct and independent departments of service, and there is no difficulty in distinguishing them, even when the same person renders service by turns in each, as the convenience of the employer may require."

The instructions given in this case assert in most positive terms a doctrine directly contrary to that declared by the cases to which we have referred, for those instructions assert that the company is not liable for the negligence of

any of its officers, except its board of directors, and assert, also, that no matter what the rank, position or duties of other officers or agents of the company, it would not be liable for their negligence.

We are without a brief from the appellee, and do not know what position its counsel assumed in the court below, but we are clear that, in the respect indicated, the cause was submitted to the jury upon an erroneous theory, and for that reason we reverse the judgment, confining our decision to the one point, declaring that to be the point in judgment.

Judgment reversed.

Filed May 17, 1887.