ANNA OLESON, Administratrix, *vs.* CHICAGO, BURLINGTON & NORTHERN RAILROAD COMPANY.

May 14, 1888.

Master and Servant—Assumption of Risk—Contributory Negligence.
    Order granting a new trial affirmed, because of error in a refusal to charge the jury according to a request of defendant.

Plaintiff brought this action in the district court for Ramsey county, to recover damages for the death of her husband, John Oleson, alleged to have been caused by the defendant's negligence. At the trial, before *Simons*, J., it appeared from the evidence that Oleson, at the time of his death, was employed as a car-repairer by the defendant at the latter's yards, near Dayton's bluff, in the city of St. Paul. At this point defendant has several lines of railroad track. Tracks Nos. 1 and 2 adjoin the main line on the north, and north of these is the "repair track." On the day of the accident, Oleson, with a gang of men who had been working on the "repair track," was sent over to inspect a train of cars standing on track No. 1, and make such light repairs thereon as were necessary. The men worked in couples, Oleson's companion being named Nilson; and there was evidence that the object of this was that one man should keep watch while the other worked. While Oleson was at work under one of these cars, other cars were backed in upon the track, causing the car under which Oleson was working to run over and fatally injure him. De-

fendant requested the court to charge the jury, *inter alia:* "(2) If you find that Oleson knew that the track upon which he was working was used for the purpose of making up trains, and that cars were liable to be backed down at any time, then, by working under the cars, he assumed this risk, and the plaintiff cannot recover." This request and others were refused. Plaintiff had a verdict, and appeals from an order granting a new trial.

*Kueffner & Fauntleroy,* for appellant.

*Young & Lightner,* for respondent.

MITCHELL, J. The ground upon which the trial judge granted a new trial was that he erred in refusing to charge the jury in accordance with defendant's second request. There was no error in refusing this request, for two reasons: *First,* because it omitted the essential element of knowledge on the part of Oleson that cars were thus liable to be backed down on that track without notice to him, in which respect it materially differed from the doctrine of *Olson* v. *St. Paul, M. & M. Ry. Co., ante,* p. 117, relied on by the court below; *second,* so far as the request embodied any correct principles of law applicable to the case, the same ground was fully covered, in better form, in the general charge. See case, folios 198 and 199.

We are of opinion, however, that the court erred in refusing defendant's sixth request, to wit: "If you find that Oleson and Nilson were working together, and were instructed that one should keep watch to warn the other, then it was contributory negligence for them both to go under the car together; and if you find that, having been so instructed, they were both under the car together, then plaintiff cannot recover." The evidence is that Oleson and Nilson were working together, being what the witnesses called "partners." There was evidence from which the jury might have found that they were instructed that one should keep watch in case the other had to go under the cars. The evidence is uncontroverted that at the time of the accident both were under the cars, and hence neither on watch. There was also evidence tending to show that they were at work together under the same car. Under this state of the evidence, the request was applicable, and embodied correct principles of law, and should have been granted.

The plaintiff contends, however, that the negligence, if any, in not watching was the negligence, not of Oleson, but of Nilson, for which the defendant was liable. In this we think the plaintiff fails to grasp the whole situation. If Oleson and Nilson "were both under the car together," in the language of the request, then Oleson must have known that Nilson was not watching. If so, and if he had been instructed as stated in the request, then the conduct of Oleson in going or remaining under the car, under such circumstances, was his own personal negligence. But, in any view of the case, the defendant could not be charged with negligence on account of Nilson's conduct unless he was negligent. It was just as much Oleson's duty, under the alleged instructions, to watch for Nilson as it was Nilson's duty to watch for Oleson. It was not necessary for either to watch, unless the other had to go under the cars. Now, there was no evidence that Nilson knew that Oleson was under the car, except that which tends to show that the two were under the car together, which, if true, would, for the reason already suggested, amount to negligence on part of Oleson. Neither is there any evidence tending to show that Oleson, when he went under the car, put Nilson on watch, or requested him to watch. For anything that appears, Nilson might have gone under the car first, and Oleson afterwards.

The defendant urged, upon the argument, that the order granting a new trial should be affirmed, because there was no evidence to justify the verdict. As the order must be affirmed for error in refusing defendant's sixth request, and as the evidence may not be the same on another trial, we deem it neither necessary nor advisable, under the circumstances, to consider this question.

Order affirmed.