The Brazil Block Coal Company *v.* Young.

Filed March 6, 1889.

No. 13,517.

THE BRAZIL BLOCK COAL COMPANY *v.* YOUNG.

MASTER AND SERVANT.—*Safety of Place of Employment.*—*Duty of Employer as to.*—It is the duty of an employer to use ordinary care and reasonable skill to make safe the place where he requires his employees to work.

SAME.—*Delegation of Duties.*—*Master's Liability.*—An employer can not escape liability by delegating to another the performance of the duties resting upon him in the capacity of employer.

SAME.—*Minor.*—*Neglect of Master.*—*Necessary Averments in Complaint.*—Where a minor is injured by reason of the alleged neglect of his employer, a complaint by his father for damages must show one of three things: (1st) That the child was too young to be put to the service he was required to perform; or (2d) that neither he nor the plaintiff had notice or knowledge of the augmented danger caused by the master's neglect; or (3d) that the master, knowing the age and inexperience of the child, neglected to give him the necessary warning and instruction.

SAME.—*Pleading.*—*Complaint.*—*Averment of Freedom from Contributory Negligence.*—*Effect of.*—An averment in a complaint that the plaintiff was free from contributory negligence does not show actionable negligence on the part of the defendant.

SAME.—*Complaint.*—*Culpable Negligence.*—*Averment as to.*—Such facts must be alleged in the complaint as affirmatively show the defendant to be guilty of culpable negligence, for otherwise his act is not actionable, even if the injured person was entirely free from fault.

From the Clay Circuit Court.

*W. W. Carter, G. A. Knight* and *A. W. Knight*, for appellant.

*S. M. McGregor* and *J. A. McNutt*, for appellee.

ELLIOTT, C. J.—The complaint alleges that the minor son of the appellee, sixteen years of age, was employed in the coal mine of the appellant, and that " it became the duty of the defendant to construct, keep and maintain the entrances, avenues, passages and roadways in said mine, over, along and through which plaintiff's son was required to pass, in the performance of his duties as a driver, in a safe and secure condition ; but defendant, in disregard of its duty in this respect, negligently suffered and permitted the roof in said entrances, passages and roadways, at, in and around the place where plaintiff's son was injured, to be and become insecure, unsafe and in a dangerous condition, and negligently failed to secure said roof at said point by properly propping and timbering the same, or taking down the loose and dangerous portions thereof, notwithstanding said defendant had notice and knowledge of the insecure and dangerous condition of such roof, at, about and near the place where plaintiff's son was injured, before said rock and slate fell upon plaintiff's son, by reason of which plaintiff's son was injured," without any fault on his part or that of the plaintiff.

It is established law that an employer must use ordinary care and reasonable skill to make safe the place where he requires his employees to work. *Louisville, etc., R. W..Co.* v. *Sandford, ante*, p. 265 ; *Pennsylvania Co.* v. *Whitcomb*, 111 Ind. 212 ; *Krueger* v. *Louisville, etc., R. W. Co.*, 111 Ind. 51 ; *Indiana Car Co.* v. *Parker*, 100 Ind. 181.

This is a duty which rests upon the employer, and which he can not delegate. No matter by whom the duty is performed, the employer is responsible if it is negligently performed and from that negligence injury results. The employer can not escape liability by delegating it to an agent. Some duties he may delegate and escape responsibility, but

duties resting upon him in the capacity of an employer he can not delegate to another so as to escape liability. *Indiana Car Co.* v. *Parker, supra,* and cases cited; *Krueger* v. *Louisville, etc., R. W. Co., supra; Pennsylvania Co.* v. *Whitcomb, supra.*

The complaint shows that it was the duty of the employer that was negligently performed, since it avers that it did not make safe the place where it required its employees to work. There is, on the face of the complaint, no question as to the right to recover for the negligence of a co-employee, for the duty shown is that of the employer, and it is one which the law commands the employer to perform. The case of *Indianapolis, etc., R. W. Co.* v. *Johnson,* 102 Ind. 352, is not in point. The English cases cited by counsel are no longer recognized as authority.

The duty of the employer to use ordinary care and skill to make the working-place he provides for his employees reasonably safe, exists, no matter how dangerous may be the service. He does not warrant the safety of the working-place, but he does undertake that he will use reasonable skill and care to make it as safe as the nature of the service will admit. He must do what ordinary care and diligence can do to make the place reasonably safe, and when he has done this he has performed his duty, and his employees assume all the ordinary risks of the service, however hazardous that service may be. They do not, however, assume risks not incident to the service, but caused by the master's neglect of duty. *Louisville, etc., R. W. Co.* v. *Sandford, supra.* But adult persons do assume all the risks caused by the master's negligence, if, with knowledge of that negligence and its consequences, they continue in the master's service, for it then becomes one of the incidental risks of the employment, which employees voluntarily assume. *Louisville, etc., R. W. Co.* v. *Sandford, supra.*

If the person injured, in this instance, had been of full age, the rules we have stated would unquestionably require

us to hold the complaint bad, for the reason that it does not aver that he did not have notice of the augmented danger caused by the employer's neglect of duty. If, therefore, the complaint, lacking as it does this important averment, is good, it must be for the reason that it alleges that the appellee's son was not of full age. This, then, is the question: Does the averment of non-age dispense with the allegation of the absence of knowledge on the part of the person injured by the master's neglect of duty?

The authorities do make a distinction, and with sound reason, between children and adults. Persons of tender years must not be set to work in dangerous places by their employers, without due warning and instruction. Indeed, it is not always that warning and instruction will absolve the master. *Hill* v. *Gust*, 55 Ind. 45; *Binford* v. *Johnston*, 82 Ind. 426; *Pennsylvania Co.* v. *Long*, 94 Ind. 250; *Indianapolis, etc., R. W. Co.* v. *Pitzer*, 109 Ind. 179; *Atlas Engine Works* v. *Randall,.* 100 Ind. 293; *Railroad Co.* v. *Fort*, 17 Wall. 553; *Coombs* v. *New Bedford Cordage Co.*, 102 Mass. 572; *Sullivan* v. *India Mfg. Co.*, 113 Mass. 396.

"Notice of danger," says Dr. Wharton, in discussing this question, "is not enough. The child must have sufficient instruction to enable him to avoid danger." Wharton Neg., section 216. Not very different is the opinion of Mr. Wood, who says: "But in the case of young children, a mere warning to the child is not the measure of the master's duty; he must instruct him as to the methods of working with and about it, and it is negligence *per se* for him to put such a person at work with or in the vicinity of dangerous machinery, or to subject him to any extraordinary hazard, until he has been properly made to understand the method of using it, as well as the hazards incident to its use." Wood Master and Servant, section 350.

The authorities to which we have referred establish the doctrine that the master's duty is much broader in cases where young children are employed than in cases where the

employees are of full age, but they do not fully determine the question before us, for that question is, whether, conceding the duty to exist, any breach is shown? We suppose it to be clear that, when a plaintiff charges a defendant with a negligent breach of duty, he must state facts from which actionable negligence can be inferred, for the general rule is that negligence can not be presumed. This general rule is uniformly applied to employers and employees, and it is presumed that the employer has done his duty. *Louisville, etc., R. W. Co.* v. *Sandford, supra; Pennsylvania Co.* v. *Whitcomb,* 111 Ind. 212. This presumption is, in effect, a *prima facie* case in favor of the employer. *Louisville, etc., R. W. Co.* v. *Thompson,* 107 Ind. 442. To defeat this presumption of duty performed, it is necessary to state facts rebutting the presumption, otherwise there can be no cause of action. A violation of duty must therefore be shown, otherwise the complaint must be adjudged to be bad. This is so because culpable negligence can not be presumed in aid of a complaint. *Toledo, etc., R. W. Co.* v. *Brannagan,* 75 Ind. 490; *Indiana, etc., R. W. Co.* v. *Greene,* 106 Ind. 279.

The averment that there was no contributory negligence absolves the plaintiff from fault, but it does not show actionable negligence on the part of the defendant. It is one thing to show the plaintiff free from fault, and quite another to show the defendant in fault. The averment that the plaintiff and his son were free from negligence is not sufficient to cover the question here presented. *Louisville, etc., R. W. Co.* v. *Sandford, supra.*

The question here is, does the complaint show such fault on the part of the employer as to vest the employee with a cause of action?

In order to show the defendant guilty of an actionable tort, the complaint should have averred one of three things: (1st) That the plaintiff's son was too young to be put to the service he was required to perform; or (2d) that neither he nor the plaintiff had notice or knowledge of the augmented

danger caused by the master's neglect; or (3d) that the master, knowing the age and inexperience of the child, neglected to give him the necessary warning and instruction.

We can not supply any of these averments by intendment, for, as we have seen, the presumption is that the master was not guilty of a negligent breach of duty. We can not, upon the facts stated in the complaint, presume that the plaintiff's son was too young to know the risks of his employment; nor can we presume that he was not qualified by age and experience to fully judge of the character and hazards of his service. *Atlas Engine Works* v. *Randall*, 100 Ind. 293; *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151; *Louisville, etc., R. W. Co.* v. *Frawley*, 110 Ind. 18; *Ciriack* v. *Merchants' Woolen Co.*, 146 Mass. 182 (4 Am. St. R. 307).

We can not say that his age, experience and capacity were not such as to justify the appellant in employing him, and assuming that his capacity and experience were such as to charge him with the assumption of the risks of his service. *Pittsburgh, etc., R. W. Co.* v. *Adams, supra.*

In *Louisville, etc., R. W. Co.* v. *Frawley, supra,* it was said, in speaking of the employment of a minor, that, "In such a case, there is held to be an implied contract on the part of the employee to take all the risks fairly incident to the service, and to waive any right of action against the employer for injuries resulting from such risks. Beach Cont. Neg., section 8."

To take the case out of the operation of this general rule, facts must be averred constituting the case an exception, otherwise the general rule must prevail. *Indianapolis, etc., R. W. Co.* v. *Watson*, 114 Ind. 20.

The facts must be such as affirmatively show the defendant to be guilty of culpable negligence, for otherwise his act is not actionable, even if the injured person was entirely free from fault. These facts are here absent.

The appellant was not entitled to an instruction directing the jury to return a verdict in its favor. Counsel, in their

argument, assume, what can not be granted, that the same rules invariably apply to young boys that apply to men. It is, indeed, doubtful whether the instruction should have been given had the injured person been an adult; and it is quite certain that, considering the age of the boy, it would have been error to give it. Undoubtedly all who go into mines assume risks, but the employer has no right to increase those risks by omitting to exercise reasonable care and diligence; on the contrary, he is charged with the duty of using reasonable care to reduce as much as the nature of the business will permit its risks and dangers. An insurer of the safety of his employees he is not; but a reasonably prudent and careful manager of his mine he must be. Especially does this duty rest upon him where he takes into his service young and inexperienced persons. He has no right, in morals or in law, to demand that such persons shall suffer from his negligence and he himself be absolved.

Judgment reversed, for the reason that the complaint is insufficient.

Filed March 5, 1889.