Hancock *et al. v.* Keene.

Filed Nov 17, 1892.

------

No. 731.

## HANCOCK ET AL. *v.* KEENE.

MASTER AND SERVANT.—*Action for Personal Injuries.—Accident in Mine.— Complaint.—Contributory Negligence.*—The plaintiff instituted suit against the defendant to recover damages for a personal injury sustained by him by the falling of a large piece of stone or slate upon him while driving a coal car through a passageway in a mine.  The complaint al-

leged not only that the plaintiff had no knowledge of the defect, but also that the stone or slate fell upon him "without his fault or negligence, and thereby without any fault on his part injured, bruised and maimed him."

*Held*, that the nature of the defect, taken in connection with the character of the plaintiff's employment, was not such that it could be held that the particular averments in the complaint overcame the effectiveness of the general allegation that the plaintiff was without fault.

Same.—*Safety of Premises.*—*Duty of Master Concerning.*—The duty of the master to exercise ordinary care.and skill concerning the place in which the servant is required to work is a continuing duty, and the master can not escape responsibility for failure to keep such place safe by delegating the performance of the duty to another. The servant may rely upon the master to perform this duty.

Same. — *Negligence of Fellow-Servant.* — *When Will Not Prevent Recovery Against Master.*—The negligence of a fellow-servant contributing to the injury of a co-employee will not preclude a recovery from the master for such injury, if it was caused by the master's requiring the servant to work in a place which the master knew, or ought to have known, was not safe, if the injured servant was himself free from fault.

Verdict.—*Motion for Venire de Novo.*—Where a verdict is not so uncertain or ambiguous that judgment can not be rendered upon it, it is not error to overrule a motion for a *venire de novo.*

From the Sullivan Circuit Court.

*J. T. Beasley* and *A. B. Williams*, for appellants.

*J. S. Bays*, for appellee.

Black, J.—This was an action to recover damages for a personal injury sustained by the appellee, William Keene, while engaged as an employee of the appellants in driving a coal car drawn by a mule through a passway in a coal mine of the appellants, the injury being caused by the falling from the roof of the passway of a large piece of stone or slate which had become loosened and dangerous, and which was not properly supported and guarded.

A demurrer to the complaint was overruled. The appellants, in argument relating to this ruling, contend that if the appellee had no knowledge of the alleged defect in the roof it was because of his own negligence in failing to ex-

ercise the diligence for his own safety which the law and the nature of the service would enjoin upon him.

The complaint not only alleged that the appellee had no knowledge of the defect, but also averred that the stone or slate fell upon him " without his fault or negligence, and thereby without any fault on his part injured, bruised and maimed him."

It can not be admitted that the driver of a car in a coal mine is bound equally with his employer to inspect, or cause to be inspected, the roof of a passage way through which the car is driven, for the purpose of ascertaining whether or not such use of the passage way is rendered dangerous by defects in the roof, or that such employment is one in which it can be said to be the duty of the employee to provide against personal injury from defects in the roof, in the same sense that it may be said to be the duty of one employed in making an excavation in loose earth, sand or gravel to take precaution to prevent injury to himself through the caving in or giving way of the sides or top of such excavation deprived of support by himself in the prosecution of the work which he is employed to do.

The obligation of the master to provide for his servant safe premises and safe appliances is so well settled and so familiar that it can not be necessary to refer to authorities upon that subject. The nature of the defect which caused the injury, considered in connection with the character of the employment of the appellee, was not such that it can be decided that the particular facts alleged in the complaint showed negligence on the part of the appellee. Notwithstanding those facts, it might be true that he was without fault or negligence, as alleged. The particular averments do not overcome the effectiveness of the general allegation that the appellee was without fault. *Chicago, etc., R. R. Co.* v. *Nash,* 1 Ind. App. 298.

The objection urged by the appellants against the complaint can not be sustained.

Upon the trial of the issue formed by an answer of general denial a special verdict was returned, in which it was found, in substance, that the defendants were, and for twelve years had been, engaged in mining and selling coal at their coal mine described; that they resided within three hundred yards of the mine; that on the 4th of March, 1891, they were so engaged and were both present at the mine; that they had a number of entries and rooms from and through which they carried the coal mined to the shaft to be elevated; that on that day the appellee was engaged by the appellants to drive a mule hitched to a car along the line of the entries in the mine for the purpose of conveying coal from the rooms to the elevator; that on and prior to that date appellants had in their employ one Thomas J. Thomas as a foreman or pit boss in the mine; that the appellants appointed said Thomas as their agent in looking after the safety and security of the roof of the entries through which the appellee was required to pass in the performance of his duties in conveying the coal along the entries, and left the entire management and control thereof to said Thomas; that about one week before the 4th of March, 1891, said Thomas, who at that time was acting for and in the stead of the appellants in looking after the security and safety of the roof in the entries, was informed and had notice that a portion of the roof of the first west entry in the mine, along which the appellee was required to pass while driving as aforesaid, was in a loose and unsafe and dangerous condition, by reason of a large piece of slate or stone being loose in the roof; that said Thomas, while so acting as agent of the appellants in looking after the security and safety of the entries in the mine failed and neglected to properly and securely protect said large piece of slate or stone by putting thereunder the necessary posts, pillars and props to prevent it from becoming detached and falling to the floor of the entry; that on the 3d of March, 1891, the appellants had in their employment a large number

Hancock *et al. v.* Keene.

of men other than the appellee, who were engaged in the various branches of the work of the mine, among them being one John B. Keene, who was engaged in opening a room near said place where said stone or slate had become loose in the roof of the first west entry; that said stone or slate so loosened was only supported in its place by the coal on either side of the entry where the defect was, which fact said Thomas and the appellants well knew; that on and immediately before the 3d of March, 1891, it became necessary for said John B. Keene to blast the coal by the use of gun-powder and other blasting material, for the purpose of completing his said room, which fact said Thomas and the appellants well knew; that in blasting the coal as aforesaid "there was great danger of the support to said loose and defective piece of stone or slate becoming torn away, and rendering said loose and defective piece of slate or stone liable to fall to the floor of said entry," of which fact said Thomas and the appellants well knew; that on the 3d of March, 1891, said John B. Keene, while so blasting coal as aforesaid, caused to be removed by said blasting a large section of the support of said loose and defective piece of slate or stone in the roof of the entry; that before he so blasted said coal, neither he nor the appellants, nor either of them, made any effort nor took any steps to have said loose, insecure and defective slate or stone sufficiently and securely propped with suitable posts, pillars or props, to prevent it from falling down after the coal had been so removed and misplaced, nor did they take any such precaution after said blasting had been done; that if said Thomas or the appellants, or either of them, had properly protected said loose rock or slate by placing thereunder sufficient and proper posts or props it would not have fallen and injured the appellee; that on the day he was so injured said Thomas was temporarily absent, and the appellant Hancock was personally present in the mine and acting for and instead of said Thomas and performing his duties; that the appellee had no knowledge that said slate or stone was

loose, or that he was in any peril in passing thereunder in the performance of his duties as driver for the appellants; that on the 4th of March, 1891, the appellee was engaged in driving a mule hitched to a coal car through said first west entry as aforesaid, without any knowledge of the unsafe and insecure condition of the roof as aforesaid, but he passed thereunder from three to twelve times a day for a month; that while bending over for the purpose of coupling the car which he was using in hauling coal, without any notice or warning whatever, said loose and defective piece of slate or stone and a large quantity of other debris, in all weighing about one and one-half ton, fell from said roof down, upon and against the appellee, crushing his right hand and greatly lacerating it between the thumb and first finger thereof, and greatly lacerating, bruising and wounding his left ankle, whereby he became lame and suffered and endured severe pain for several weeks; that the injury in his right hand will in all probability be permanent; all without the fault or negligence of the appellee. " If, upon the foregoing facts, the law is with the plaintiff, we find for the plaintiff, and assess his damages at two hundred and fifty dollars. If the law is with the defendant, we find for the defendant."

The court overruled a motion made by the appellants for a *venire de novo*, their motion for a new trial, and their motion for judgment in their favor upon the special verdict.

The verdict is not a good model of directness and certainty, but it is not so uncertain or ambiguous that judgment could not be rendered upon it. Therefore, there was no error in overruling the motion for a *venire de novo*.

We have read the evidence, and we can not decide that the verdict was not sustained by sufficient evidence.

The duty of the master to exercise ordinary care and skill concerning the place in which the servant is required to work is a continuing duty, and the master can not escape responsibility for failure to keep such place safe by delegating the performance of the duty to another; and the servant may rely

upon the master to perform this duty. *Brazil Block Coal Co.* v. *Young,* 117 Ind. 520; *Cincinnati, etc., R. W. Co.* v. *Roesch,* 126 Ind. 445; *Ohio, etc., R. W. Co.* v. *Pearcy,* 128 Ind. 197; *Nall* v. *Louisville, etc., R. W. Co.,* 129 Ind. 260; *Evansville, etc., R. R. Co.* v. *Doan,* 3 Ind. App. 453.

The cause of the appellee's injury was the falling of a portion of the roof for want of proper and sufficient support. If it can be held, as the appellants contend, that the verdict shows that want of due care on the part of the coal miner, John B. Keene, contributed to the injury, and if he be regarded as a fellow-servant with the appellee, yet it is well established that where negligence of the master combined with negligence of his servant produces injury to a fellow-servant, the injured servant may recover damages of the master. *Boyce* v. *Fitzpatrick,* 80 Ind. 526; *Rogers* v. *Leyden,* 127 Ind. 50; *Fisk* v. *Central, etc., R. R. Co.,* 72 Cal. 38 (1 Am. St. R. 22).

" Negligence of a servant does not excuse the master from liability to a co-servant for an injury which would not have happened had the master performed his duty." *Coppins* v. *New York, etc., R. R. Co.,* 122 N. Y. 557 (19 Am. St. R. 523).

The negligence of a fellow-servant contributing to the injury of the plaintiff will not preclude his recovery of his master for such injury, if it was caused by the master's requiring the servant to work in a place which the master knew, or ought to have known, was not safe, if the injured servant was himself free from fault. *Johnson* v. *First National Bank,* 79 Wis. 414 (24 Am. St. R. 722).

The facts stated in the verdict sufficiently indicate that the appellee, without fault on his part, was injured through the failure of the appellants to perform a duty which they owed to the appellee.

The judgment is affirmed.

Filed Nov. 18, 1892.