No. 1,011.

EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY *v.*
HOLCOMB.

RAILROAD.—*Rules for Protection of Employes.—Adequacy of.—Notice.—
Law and Fact.—Master and Servant.—Car Repairers.—Safe Working
Place.*—It is the duty of a railroad company to make reasonable and
adequate rules for the protection of its employes, and it is as much
the duty of the company to provide reasonably adequate means for
giving notice as to require it to be given; and it can not be said, as a
matter of law, that a rule requiring actual notice to car repairers be-
fore a switch engine should enter a repair track, was all that was nec-
essary for the proper protection of such employes. And where the
servant entrusted to give such notice to the car repairer fails and
neglects to give it, and the repairer is injured by reason of such neg-
lect, the employer is liable therefor, the duty to give the notice be-
ing one owing by the master to the servant, and coming within the
rule that the master must furnish the servant a safe place to work,
*i. e.,* as safe as the nature of the business will reasonably admit of,
and to use reasonable care to so maintain it, the duty being a con-
tinuing one.

DAMAGES. — *For Medical Attendance. — When Need not be Specially
Pleaded.—Railroad.*—Where one has been seriously and dangerously
injured, *e. g.,* his hips crushed and ribs broken, medical attendance
is a natural, direct, usual, and reasonably necessary result, one
which it is expected will be incurred, and, in such case, damages
for medical attendance may be proved, whether specially pleaded
or not.

From the Posey Circuit Court.

*J. E. Iglehart, E. Taylor* and *G. V. Menzies,* for ap-
pellant.

*J. Brownlee,* for appellee.

GAVIN, J.—The appellant, by his complaint in three
paragraphs, sought to recover damages for injuries re-
ceived by him while working for appellant as a car re-
pairer.

The complaint charges that appellant carelessly failed
to adopt, use, and enforce proper signals or other means

for the protection of the men engaged at work on its repair tracks, which was unknown to appellee, and that appellant carelessly and negligently permitted and caused one of its engines to run against cars upon the repair track, whereby appellee was injured while working thereon.

It is further charged in some of the paragraphs, that it was the duty and custom of the appellant to protect its car repairers while at work on cars on repair tracks by putting up a red flag at the entrance to the switch, which was notice to the other employes of the presence of such car repairers, and all engines were forbidden to enter such tracks where such signals were displayed.

In these paragraphs, the injuries are said to have been occasioned by reason of the negligent failure of appellant to put up such flag and thus protect appellee while engaged in work on a car on the repair track to which he had been especially directed by his superior, the foreman of the repair track.

The only questions presented here arise under the motion for a new trial, and relate to the correctness of the action of the court in refusing and giving instructions.

There is evidence to show that appellee was a car repairer, who had been in the employ of appellant for a short time before the accident; that in appellant's yards there were twenty-one switch tracks, three of which were repair tracks upon which repair work was regularly done. These tracks were connected with the others by switches which were not locked. Appellee had no knowledge of the rules of the company as to engines coming in on repair tracks. There was evidence that it was customary for appellant to put up a red flag to protect the repairers while at work, and also evidence that the only provision made for the safety of the men was a rule requiring that no engine should enter the repair tracks until the car repairers had been notified.

Appellee, upon the morning of the accident, was specially directed by his foreman to work on a certain car. This he did, and while so engaged an engine ran in upon the track and set the cars in motion, whereby he was caught and injured. No warning or notice of the approach of the engine was given him, and he knew nothing of it. No flag was up, nor were any other means taken for his protection, except there is evidence that the yardmaster directed a brakeman belonging to the switching crew to give notice to the car repairers as he went down the track. This switchman had other duties to perform at the same time, and the evidence clearly shows that his attention was chiefly and principally devoted to them. He himself does not claim that he gave any especial attention to notifying the car repairers, but he seems to have taken it for granted that they understood that the engine was coming in. He does not himself remember to have been directed to give the notice.

The first instruction presented directs the jury, that if there was in force in the yards a rule requiring all switching on repair tracks to be done at night, as far as possible, and that if it had to be done in the day time, actual notice should be given to all men working upon the repair tracks, before a switch engine should enter, then such rule was a proper and reasonable one and was a discharge by the appellant of its duty to the appellee in the matter of making rules and regulations for the protection of car repairers from the switch engines. It will be observed that no one is designated as the person upon whom the duty of giving this notice should rest. There is an old saying that what is everybody's business is nobody's business.

It was the duty of appellant to make reasonable and adequate rules for the protection of its workmen. To require actual notice to the workmen, as in this rule pro-

vided, is certainly good so far as it goes, but we are not prepared to say, as a matter of law, that this was all that was necessary. It was as much the duty of the company to provide reasonably adequate means for giving the notice, as to require it to be given.

The case in hand furnishes an apt illustration of the inadequacy of such a rule, the brakeman having devolved upon him this duty, only as an incident to the principal duties of his position, and performing this duty in a perfunctory half-way manner, his attention being really given to other matters. There was no error in refusing to give the instruction as asked. *Abel* v. *President, etc.*, 103 N. Y. 581; *Lewis* v. *Seifert*, 116 Pa. St. 628; *St. Louis, etc., R. W. Co.* v. *Triplett*, 54 Ark. 289; *Louisville, etc., R. W. Co.* v. *Hanning, Admr.*, 131 Ind. 528; 7 Am. and Eng. Encyc. of Law, 832; 1 Shear. & Red. on Neg., section 202; *Reagan* v. *St. Louis, etc., R. W. Co.*, 93 Mo. 348.

Objection is made to an instruction authorizing the jury to consider, as an element of damages, expenses for medical attendance. The objection is based upon the claim that such damages are special, and not recoverable unless specially pleaded, because, although the natural, they are not the necessary result of the injury.

Counsel rely upon the case of *Teagarden* v. *Hetfield*, 11 Ind. 522, to sustain the position. There damages were recovered for killing a mare, and it was held that the extra labor and expense of feeding two colts which she was suckling were special damages, and not being the necessary result of the act complained of, they should be specially pleaded in order to prevent surprise.

We do not think this case supplies appellant's needs. Our Supreme Court has held that it is a duty incumbent upon one who has been seriously injured by another's

fault to procure proper medical treatment. *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409.

It also holds that a plaintiff can recover from defendant for services, either medical or by way of nursing, rendered gratuitously. *Pennsylvania Co.* v. *Marion*, 104 Ind. 239; *City of Indianapolis* v. *Gaston*, 58 Ind. 224.

Where one has been seriously and dangerously injured, to wit, his hips crushed and ribs broken, as alleged in this complaint, medical attendance is, in our judgment, a natural, direct, usual, and reasonably necessary result, one which it is to be expected will be incurred, and no defendant need be surprised at such proof in such actions as this, whether the fact be specially pleaded or not. *Folsom* v. *Underhill*, 36 Vt. 580; *Hopkins* v. *Atlantic, etc., R. R. Co.*, 36 N. H. 9; *Laing* v. *Calder*, 8 Pa. St. 479; *Pennsylvania, etc., Canal Co.* v. *Graham*, 63 Pa. St. 290; Thompson on Neg., 1257; 2 Rorer on Railroads, 1098.

These cases fully sustain the view we have expressed.

Counsel refer us to other cases which follow the strict and technical rules of the common law, *e. g., Tomlinson* v. *Town of Derby*, 43 Conn. 562; *Taylor* v. *Monroe*, 43 Conn. 36, which hold that under allegations that by reason of the injuries received the plaintiff had been "prevented from attending his ordinary business," it was not permissible to prove what plaintiff was earning.

*Ward* v. *Haws*, 5 Minn. 440, holds that under an allegation that he had paid his physician, he could not prove that he had simply incurred a liability not yet paid.

*O'Leary* v. *Rowan*, 31 Mo. 117, and *South Covington Street R. W. Co.* v. *Ware*, 84 Ky. 267, hold that expenses of medical attendance must be specially pleaded. The rule followed by these cases is not, however, in harmony

with the liberal spirit of our code, and we deem the other line of authorities founded upon the better reasoning.

The last error urged is based upon the refusal of the court to give the following instruction:

"If the jury find from the evidence, that the plaintiff was a car repairer, at work in the yards of the defendant railroad company at the time he was injured in the city of Evansville, working upon a repair track dedicated by the defendant for purposes of repair track solely, and that a crew composed of engineer and switchman, with an engine, were engaged in switching cars in said yard, and placing one or more cars upon said repair track, for the purpose of repair; and if you further find that the defendant company had in force, previous to and at the date of the injury complained of in the complaint, a rule and regulation requiring personal notice to be given to all car repairers at work on said track, a reasonable time before any switch engine entered upon such track, and if you find that such a rule was a reasonable one—if you so find, and if you further find that the yard master of the defendant in charge of said yard, or foreman of said engine, directed one Frank Thorne, a switchman, to go upon said repair track and notify all men working thereon that such engine was about to go upon the track, and that they should take notice of such fact and protect themselves from danger on account of said engine going upon said track; that said Thorne was a competent man and a fellow-servant with plaintiff, engaged as switchman in assisting as one of a switching crew to place cars on said track to be repaired by the car repairers, and further, that it was the duty of such Thorne or such switchman to give said notice, and that said yard master reasonably believed that said Thorne would perform such duty of giving notice to notify all men upon said track, including the plaintiff, diligently

and properly, and thereby secure the safety of the plain-
tiff from any injury resulting from the moving of an en-
gine upon said track; and if you further find that said
Thorne undertook to give said notice according to said
rule and regulation, but did the same so negligently and
defectively as not to notify the plaintiff, and that by
reason of the failure of said Thorne to notify plaintiff
according to the direction of said yard master, the said
plaintiff was injured as he charges, and by reason of said
cars being placed on said repair track by said crew and
engine, for such purpose of repair the defendant would
not be liable for such injury so caused, and if you so
find, you should find for the defendant.''

We pass, without consideration, the question of
whether the simple finding provided for in the instruc-
tion, that the rule is a reasonable one, is equivalent to
saying that it is sufficient and adequate, and take up the
main proposition involved in this instruction, and that
is: Do the facts set forth in this instruction exclude en-
tirely the existence of negligence upon the part of the
master with reference to this notice?

Counsel for appellant contend, first, that this is simply
a case of the negligence of a fellow-servant, the brake-
man, in the conduct and management of the train, and
that it comes within the well understood general rule
that the master is not liable for injuries resulting to one
servant by the negligence of a fellow-servant. We do
not so regard it. In our view of the case, as considered
with reference to this instruction, that duty of the master
was violated which requires him to exercise reasonable
diligence and care to make and keep safe the place where
his servant works. *Hannibal, etc., R. R. Co.* v. *Fox,*
31 Kan. 586; *Moore* v. *Wabash,·etc., R. W. Co.,* 85 Mo.
588; *Ritt* v. *Louisville, etc., R. W. Co.,* 31 Am. & Eng.
R. R. Cas. 289; *St. Louis, etc., R. W. Co.* v. *Triplett, su-*

The Evansville and Terre Haute Railroad Company v. Holcomb.

pra; Louisville, etc., R. W. Co. v. Hanning, Admr., supra.

In the consideration of this case, it must be borne in mind that the appellee was, when injured, engaged in work at a place to which he had been specially directed by appellant.

The authorities and principles to which we will refer are applied by us to the case in hand. Further than this, we are not required to, and do not, determine.

It is established as the law in Indiana that the master must use reasonable care to provide a safe working place for his servant. Evansville, etc., R. R. Co. v. Duel, 134 Ind. 156, 33 N. E. Rep. 355; Kentucky, etc., Bridge Co. v. Eastman, 7 Ind. App. 514, 33 N. E. Rep. 835; Louisville, etc., R. W. Co. v. Hanning, Admr., supra; Nall, Admx., v. Louisville, etc., R. W. Co., 129 Ind. 260; Louisville, etc., R. W. Co. v. Graham, Admr., 124 Ind. 89; Taylor v. Evansville, etc., R. R. Co., 121 Ind. 124; Cincinnati, etc., R. W. Co. v. Lang, Admx., 118 Ind. 579; Brazil Block Coal Co. v. Young, 117 Ind. 520; Pennsylvania Co. v. Whitcomb, Admr., 111 Ind. 212; Indiana Car Co. v. Parker, 100 Ind. 181.

This duty is likewise a continuing one, and it devolves upon the master to exercise reasonable care to keep the place safe. Hancock v. Keene, 5 Ind. App. 408.

"The master's duty to his employes to provide safe places for them to work is a continuing one, and requires him to use ordinary care to keep them safe, and if they become unsafe through his neglect, or are made unsafe through his act, he must answer in damages to a servant who is injured thereby, who is himself free from contributory negligence." Nall, Admx., v. Louisville, etc., R. W. Co., supra.

This duty of the master concerning his servants' work-

ing place can not be delegated by the master to another so as thereby to absolve himself from liability.

Whoever may be chosen to perform this duty for the master, the master himself must answer for any neglect in its performance. This proposition is now established by the decided weight of authority.

In Indiana it has been many times declared, the leading case being that of *Indiana Car Co.* v. *Parker*, *supra,* where it is said: "The duty which the master owes to the servant is one of which he can not rid himself by casting it upon an agent, officer or servant employed by him."

"Where the duty is one owing by the master, and he entrusts its performance to an agent, the agent's negligence is that of the master."

In *Pennsylvania Co.* v. *Whitcomb, Admr.*, 111 Ind. 212, in speaking concerning the duty with reference to a safe working place, the court says: "This duty is one which the law enjoins upon the master, and it is one which can not be so delegated as to relieve him from responsibility. The agent to whom it is entrusted, whatever his rank may be, acts as the master in discharging it. He is in the master's place."

So, also, *Brazil Block Coal Co.* v. *Young, supra:* "No matter by whom the duty is performed, the employer is responsible if it is negligently performed and from that negligence injury results."

Following the same principle, are *Krueger, Admr.*, v. *Louisville, etc., R. W. Co.*, 111 Ind. 51; *Louisville, etc., R. R. Co.* v. *Berkey, Admr.*, 136 Ind. 181, 35 N. E. Rep. 3; *Indiana, etc., R. W. Co.* v. *Snyder*, 32 N. E. Rep. 1129; *Justice* v. *Pennsylvania Co.*, 130 Ind. 321; *Taylor* v. *Evansville, etc., R. W. Co., supra; Louisville, etc., R. W. Co.* v. *Graham, Admr., supra; Parks County Coal Co.* v. *Barth*, 5 Ind. App. 159; *Pullman Palace Car Co.*

v. *Laack*, 143 Ill. 242, 32 N. E. Rep. 285; *Lewis* v. *Seifert*, 116 Pa. St. 628; *Anderson* v. *Bennett*, 16 Ore. 515; *Atchison, etc., R. R. Co.* v. *Moore*, 29 Kan. 632; *Flike* v. *Boston, etc., R. R. Co.*, 53 N. Y. 549; *Gunter* v. *Graniteville Mfg. Co.*, 18 S. Car. 262; *Davis* v. *Central Vermont R. R.Co.*, 55 Vt. 84; Buswell on Pers. Inj., sections 220-222; Beach on Cont. Neg., section 328; Wood on Mas. & Serv., section 438; McKinney on Fel. Serv., section 28; *McGovern, Admx.*, v. *Central Vermont R. R. Co.*, 123 N. Y. 280.

This rule is also followed by the Supreme Court of the United States, which, in *Northern Pacific R. R. Co.* v. *Herbert*, 116 U. S. 642, declares the law to be: "Indeed, no duty required of him (the master) for the safety and protection of his servants can be transferred, so as to exonerate him from such liability."

"His contract implies that in regard to these matters his employer will make adequate provision that no danger shall ensue to him."

In *Baltimore, etc., R. R. Co.* v. *Baugh*, 149 U. S. 368, Brewer, J., says: "Of course, some places of work and some kinds of machinery are more dangerous than others, but that is something which inheres in the thing itself, which is a matter of necessity, and can not be obviated. But within such limits the master who provides the place for the tools and the machinery owes a positive duty to his employe in respect thereto. That positive duty does not go to the extent of a guaranty of safety, but it does require that reasonable precautions be taken to secure safety, and it matters not to the employe by whom that safety is secured, or the reasonable precautions therefor taken. He has a right to look to the master for the discharge of that duty, and if the master, instead of discharging it himself, sees fit to have it attended to by others, that does not change the measure of obligation to the employe, or the latter's right to insist

that reasonable precaution shall be taken to secure safety in these respects."

It is true that a servant assumes the usual and ordinary and obvious risks incident to his service, but not those increased risks added by the negligence of the master, of which he had no knowledge. *Boyce* v. *Fitzpatrick*, 80 Ind. 526; *Louisville, etc., R. W. Co.* v. *Wright*, 115 Ind. 378; *Brazil Block Coal Co.* v. *Young, supra; Griffin* v. *Ohio, etc., R. W. Co.*, 124 Ind. 326; *Rogers* v. *Leyden*, 127 Ind. 50; *Louisville, etc., R. R. Co.* v. *Berkey, Admr.*, 136 Ind. 181, 35 N. E. Rep. 3.

In *Boyce* v. *Fitzpatrick, supra*, this conclusion is reached by the court: "These cases show that, while a servant assumes the risk, more or less hazardous, of the service in which he engages, he has a right to assume that all reasonable attention will be given by his employer to his safety, and that he shall not be carelessly and needlessly exposed to risk which might be avoided by ordinary care and precaution upon the part of his employer."

The rule is thus expressed in *Louisville, etc., R. W. Co.* v. *Sandford, Admx.*, 117 Ind. 265: "Employes assume all the ordinary risks incident to the employment, but they assume no extraordinary risks caused by the employer's breach of duty, unless they have knowledge of the unusual danger caused by the breach, and voluntarily continue in the company's employment."

The holding in *Boyce* v. *Fitzpatrick, supra*, is approved in Shear. & Red. on Neg., section 189 and note.

In *Oleson, Admx.*, v. *Chicago, etc., R. R. Co.*, 38 Minn. 412, it is held that a car repairer did not, by going under a car where trains were liable to be made up, assume the risk, unless he knew that cars were liable to be backed down on him without notice.

This now brings us to the consideration of appellant's

claim, that by selecting a competent man to notify appellee of the approaching engine, and by his assumption of that duty, appellant had done all that was required of it, and was not responsible for the manner in which the brakeman performed, or failed to perform, this duty.

According to this instruction, the only means provided for the protection of the car repairer, and to keep safe the working place, was this notice. No steps were to be taken by him for his own protection. He was simply called upon to work where directed. While thus engaged at the work, and in the place to which he had been especially assigned, at work necessarily requiring close attention, he had a right to expect that his master would use reasonable care to protect him by keeping safe the place where he was working. If advised of the existence of such a rule as that set out in the instruction, he would naturally work steadily and in security until apprised of the approaching danger.

The only precaution to be taken by the master was the giving of the notice, and unless the notice was given there was no protection whatever.

If reasonable care was exercised in giving this notice, and then, for some unforeseen reason, harm still resulted to appellee, appellant might claim to be relieved, but the giving of this notice was appellant's duty, and any neglect in giving it was appellant's neglect.

The duty of furnishing safe working places is of the same class as that of furnishing safe machinery and appliances. In nearly all the cases to which we have referred in this opinion, we find them coupled together. They both depend upon and are governed by the same principle. *Anderson* v. *Bennett*, 16 Ore. 515.

It is settled by the adjudications of our Supreme Court, that the master is responsible for the negligence

of those to whom he entrusts the selection or inspection of machinery and appliances. *Indiana, etc., R. W. Co.* v. *Snyder, supra; Dewey* v. *Detroit, etc., R. W. Co.*, 15 Mich. 307, 53 Am. and Eng. R. W. Cases, 550; Wood Mas. and Serv., section 326, p. 677.

Upon the same principle must the master be held responsible for the negligence of him to whom he entrusted the carrying out of the only steps to be taken for the protection of appellee.

The adjudicated cases in Indiana and elsewhere sustain this conclusion.

The case of *Cincinnati, etc., R. W. Co.* v. *Lang, Admx., supra*, was one in which the plaintiff, while in the general line of his employment, but by special direction, going to a designated place of work on a hand car, was run down by a wild train, without notice or warning of its approach. ELLIOTT, C. J., speaks for the court: "By the order of the appellant, the special duty in which the intestate was engaged was enjoined upon him, and having thus required him to perform the duty, it had no right to send over its road a train which the employes, engaged as was the intestate, had no reason to expect would make obedience to the special order unusually perilous."

It is further held that such a danger was not one of the ordinary risks assumed by the servant, and, also, that "The duty of providing for the safety of employes rests on the employer, and can not be delegated."

In *Taylor* v. *Evansville, etc., R. R. Co., supra*, it is held that "The obligation to make safe the working place and the materials with which the work is done, rests on the master and he can not escape it by delegating his authority to an agent. It is also the master's duty to do no negligent act that will augment the dangers of the service." "The employe, acting under the

specific order, had a right to assume, in the absence of warning or notice, that his superior, who gave the order, would not, by his own negligence, make the work un- safe.''

''An employer who assigns an employe to work in a particular place, or directs him to perform a special duty, must use reasonable care and skill to make it reasonably safe for the employe to perform the duty assigned to him.'' *Rogers* v. *Leyden, supra.*

The case of *Louisville, etc., R. W. Co.* v. *Hanning, Admr., supra,* is conclusive upon the question of appellant's negligence under the instruction we are considering. There a car repairer was set to work upon a regular track outside of his usual place of employment. It was averred that the place could have been made safe by putting out signal flags. The jury was instructed that it was the duty of the foreman, on behalf of the company, to see that his working place was made reasonably safe, and if placing a flag would have so made it, it was the duty of the foreman to have it so displayed, and for his failure to do so the company was liable. This instruction was approved by the court and the cause affirmed.

In that case, it is true, the employe was directed to a work which was outside of the line of his employment, but that affects, not the question of the master's negligence, but of the assumption of the risk by the servant.

The holdings of other courts are in accord with, and, in some instances, go farther than ours. *Hannibal, etc., R. R. Co.* v. *Fox*, 31 Kan. 586; *Moore* v. *Wabash R. W. Co.*, 85 Mo. 588; *Railway Co.* v. *Triplett*, 54 Ark. 289; *Ritt's Admx.* v. *Louisville, etc., R. R. Co.*, 31 Am. & Eng. Railway Cases, 289; *Luebke* v. *Chicago, etc., R. W. Co.*, 59 Wis. 127; *Erickson* v. *St. Paul, etc., R. R. Co.*, 41 Minn. 500; *Lake Shore, etc., R. W. Co.* v. *Lavalley,*

36 Ohio St. 221; *Lake Shore, etc., R. W. Co.* v. *Murphy,* 33 N. E. Rep. 403.

There are a number of cases in which the companies have been held not liable for accidents to car repairers, some of which are relied upon by counsel for appellant, *e. g.: Besel* v. *New York, etc., R. R. Co.,* 70 N. Y. 171; *Texas Pacific R. W. Co.* v. *Harrington,* 62 Tex. 597; *Campbell* v. *Pennsylvania R. Co.,* 24 Am. & Eng. R. W. Cases, 427; *Renfro* v. *Chicago, etc., R. W. Co.,* 86 Mo. 302; *Peterson* v. *Chicago, etc., R. W. Co.,* 31 Am. & Eng. R. W. Cas. 292; *Kirk* v. *Atlanta, etc., R. W. Co.,* 94 N. Car. 625; *Potter* v. *N. Y. Central R. R. Co.,* 32 N. E. Rep. 603.

Without taking them up in detail, it is sufficient to say that some of these cases rest upon the contributory negligence of the plaintiff. Some are based upon the negligence of those who are clearly fellow-servants merely. In most, if not all, of them different principles are invoked and applied from those which are decisive of this case. If some of them may be deemed more or less antagonistic to our holding, we are still satisfied that the principles governing this case have been clearly enunciated by our own Supreme Court, and we follow them as being both authoritative and right.

Judgment affirmed.

Ross, J., absent.

Filed Jan. 2, 1894.