ROBINSON v. STATE.

WITNESS: *Gaming: Party in, when competent.*

In a prosecution for gaming a participant in the game is a competent witness for the defendant, if he is not included in the indictment and is in no way a party to, or legally interested in the result of the prosecution.

APPEAL from *Bradley* circuit court.

Hon. J. M. BRADLEY, Circuit Judge.

*Wm. P. Stephens* for appellant.

1. The indictment should have been quashed. The word "but" was meaningless and unintelligible, and charged no offense. It is not *idem sonans* as bet. *Woolridge v. State Tex., Court of Appeals, 1883.*

2. The evidence of Scott was competent, he having been convicted, paid his fine and been discharged. *1 Greenl. Ev., sec. 390* ; *Moss v. State, 17 Ark., 330* ; *McKenzie v. State, 24 Ark., 638.*

*C. B. Moore*, Attorney General for the State.

The use of "but" instead of "bet" was a mere *lapsus pennæ* or misspelling of the word "bet," and the objection is hypertechnical.

ENGLISH, C. J.   The substance of the indictment in this case follows :

"The grand jury of Dorsey county, etc., etc., accuse N. H. Robinson of the crime of gaming, committed as follows, to-wit: The said N. H. Robinson, in the county aforesaid, on the twenty-fourth day of December, 1882, did unlawfully *but* money, to-wit, one dollar in good and lawful money of the United States, on a certain game then and there played at and with cards, called seven-up, contrary to the statute," etc.

The defendant demurred to the indictment on the ground that the charge that he "but" money on a game of cards was meaningless and unintelligible.   The court overruled the demurrer.

On the trial, the court proved by Sam. Baggett that on the twenty-fourth of December, 1882, in Dorsey county, he saw the defendant and Buck Scott, John Barnes and Harper Waldrop engaged in playing a game of seven-up with cards, and saw some money on the board, at one time

as much as one dollar. Some of the parties were playing for money and betting on the game; but he did not see defendant put up or bet any money. There was as much as one dollar bet on the game, and Buck Scott and defendant were partners in the game. Several other witnesses for the State testified substantially the same as Baggett did, but none of them saw defendant put up or bet any money on the game.

The defendant then introduced Buck Scott as a witness, who testified substantially that he played in the game of seven-up referred to by Sam. Baggett and the other wits nesses for the State, and that he, witness, and John Barne did all the betting that was done; that John Barnes and himself got up the game, and requested the defendant and Harper Waldrop to play merely for the purpose of making it a four-handed game. Neither the defendant nor Harper Waldrop bet any money or anything else on the game. The defendant not only did not bet, but refused to bet, and was not at all interested in the game. He was the partner of witness in playing the game, but was not directly nor indirectly interested in the betting—got none of the money and paid out none, etc. Witness lost all the money in the game, and John Barnes won and got it.

Witness was indicted for the same gaming, convicted, and had paid the fine and costs.

The above being all the evidence introduced at the trial, the court, of its own motion, excluded the testimony of the witness Buck Scott from consideration by the jury, and directed the jury not to consider the same, because said witness played in the same game with defendant, and was therefore an interested party—to which ruling defendant excepted.

At the request of the defendant the court instructed the jury as follows:

"Before the jury can convict in this case, they must be-

lieve from the evidence that the defendant bet money, or something representing money, or some valuable thing, on the game played, or was interested in the betting."

The jury found the defendant guilty, and assessed a fine of ten dollars against him. He filed motions for a new trial and arrest of judgment, which were overruled, and he took a bill of exceptions and appealed.

1. The objection to the indictment is frivolous. The charge was for gaming, and it was manifest from the face of the indictment that "but" was intended for *bet*, and a mere clerical error.

2. The court erred in deciding that Buck Scott was an incompetent witness, and excluding his testimony from the jury. He was not included in the indictment against appellant, and was in no way a party to, or legally interested in the result of this prosecution. We have no law, statute or common, that renders a man infamous, even after conviction, for betting at *seven–up*, which is not a felony, but a misdemeanor only.

Reversed, and remanded for a new trial.