The G. H. Hammond Company v. Mason, Administrator.

Filed April 30, 1895.

---

No. 1,323.

The G. H. Hammond Company v. Mason, Administrator.

Master and Servant.—*Negligence.*—*Vice-Principal.*—*Superintendent of Repair Shops.*—Where one of the duties of a manager and superintendent of car repair shops was to examine particularly for all defects in cars and to mark the same with chalk, so that each defect would be noticeable to laborers employed thereon, a neglect of such foreman to mark a defect which he might have discovered on proper inspection, whereby a laborer employed to repair the defects thus indicated was injured by reason of the unsafe place caused by such neglect, the duty neglected was one owing from the master to the servant.

Same.—*Assumed Risks.*—Employes assume all the ordinary, obvious risks incident to their employment, but they assume no extraordinary and unknown risks caused by the employer's breach of duty.

From the Lake Circuit Court.

*W. Olds* and *C. F. Griffin*, for appellant.

*E. D. Crumpacker* and *P. Crumpacker*, for appellee.

GAVIN, J.—The appellee, as administrator of the estate of George Austin, deceased, sued to recover damages for the death of his decedent.

From the complaint it appears that the appellant was the owner of a large number of cars, which it used in connection with its business; that it was also the owner of repair shops |in which these cars were inspected, repaired and made over; that one Aber was the manager and superintendent of the said repair shop and tracks connected therewith, with the general supervision of the inspection and repairing of all of appellant's cars; that he had complete and full control of the damaged cars and the repairs thereon and of all the servants of appellant who worked in said shops, about fifty in number; that among said Aber's duties he was to inspect at all times all of appellant's cars that were in its shops or on its tracks with a view to ascertain their fitness for use, and to examine particularly for all defects in such cars and to mark the same with chalk, whereby each defect would be noticeable to the laborers employed thereon; that Austin was a common laborer under Aber whose duty it was to aid and assist in repairing appellant's cars at the direction of Aber, or some of the foremen under him; that on April 18, 1892, one of appellant's cars, badly out of repair, was upon one of its tracks near the repair shops; that Aber inspected the car and marked various defects, but instead of making a thorough inspection he did this in a careless and negligent manner and negligently and carelessly omitted to ascertain and mark certain defects, and, among these, a certain broken king-bolt and center plates, which were essential to support the car when lifted off the track; that Aber ordered Austin to repair and replace certain bolts, etc., which he marked on the car, in doing which it became necessary to raise up one end of the car. After this was done he

went under the car, as was necessary, for the purpose of unfastening some rods to enable him to make the required repairs. While so engaged the car fell down upon him by reason of the broken kingbolt and center plates thereby crushing him to death; "that it was then and there a part of defendant's duty and a part of said superintendent's duty to ascertain and mark all defects on the said car and distinguish them so that said Austin might know and have warning thereof, but which said defendant and said Superintendent Aber carelessly and negligently omitted and failed to do, and so omitted and failed to discover and mark said kingbolt and center plates broken and out of repair; that said broken kingbolt and center plates could and might have been readily discovered by the exercise of reasonable diligence upon the part of said Superintendent Aber before said injury; that said Austin was fully informed of the duty of said defendant and its said superintendent to so examine, inspect and mark said cars at the time of and before the injury hereinafter mentioned, and believed that said duty had been fully performed and had no knowledge to the contrary, and fully relied upon its performance; that said Austin did not know and had no means of knowing at the time he went under the car and was injured, as aforesaid, or before that time, that the kingbolt and center plates were broken and out of repair, but, on the contrary, believed that the defendant and its superintendent, Aber, had performed their duty, and that there was no danger whatever in going under said car, as it was necessary for him to do, as aforesaid, and which he did do while in the line of his duty;" that said Austin went under the car and was injured, believing and relying upon the fact that all defects had been marked and designated; and was so injured wholly without any fault or negligence upon his own part and by reason of the neg-

ligence of said defendant and its superintendent, Aber, in failing to mark said kingbolt and center plate as broken and out of repair.

There were also proper averments as to heirship, damages, etc.

It is most earnestly contended by counsel that this pleading was not sufficient to withstand a demurrer for want of facts. The position taken is that Austin's injury, under the facts averred, was due wholly to the negligence of Aber, who was but a fellow-servant in the employment of a common master, and that, therefore, the familiar general rule is applicable, whereby the master is exempt from liability for injuries accruing to one servant by reason of a fellow-servant's negligence.

In this view of the complaint we can not concur. On the contrary, as we construe it, that duty of the master was violated which requires him to exercise reasonable care to furnish his servant with a safe place to work.

The law in Indiana is thoroughly established that it is the duty of the master to use reasonable care to provide a safe working place for his servants; that this duty can not be by the master devolved upon any other person so as thereby to absolve the master from liability. Whoever may be chosen for the performance of this duty, whether he be an employe of high rank or low, the master must answer for any neglect in its performance. Numerous authorities sustaining these propositions are collated in the cases of *Evansville, etc., R. R. Co.* v. *Holcomb*, 9 Ind.App. 198; *Cole Bros.* v. *Wood*, 11 Ind. App. 37.

We do not deem it necessary to repeat them in this opinion.

The appellee's decedent was a workman whose duties were to repair those defects only to which his attention was called. When injured he was engaged in this work

by his superior's express command.   Counsel for appellant argue that no question of safe place is involved.   It seems to us that when a workman is sent under a car to work the liability of the car to fall upon him by reason of defects therein makes the place most exceedingly unsafe.

In *Evansville, etc., R. R. Co.* v. *Holcomb, supra,* we held that the employe working under a car was entitled to have the car kept from running over him, and that a violation of this right imposed upon the master the responsibility attaching to failure to make and keep safe the place where the servant worked.

In the recent case of *St. Louis, etc., R. W. Co.* v. *Holman* (Ill.), 39 N. E. Rep. 573, it was decided that a car repairer, under his right to expect his working place to be kept safe, was entitled to recover for injuries sustained by movement of the car caused by defendant's negligence.

Nor can it be said that the employe assumed the risk as one of the hazards of the business.  Employes assume all the ordinary obvious risks incident to their employment, but they assume no extraordinary and unknown risks caused by their employer's breach of duty.   *Evansville, etc., R. R. Co.* v. *Holcomb, supra,* and authorities there cited.

In the recent case of *Salem Stone and Lime Co.* v. *Griffin,* 139 Ind. 141, the Supreme Court, by HACKNEY, J., thus declares the law:  "Implied assumptions of risks are only such as are naturally incident to the service, and those which are known or which ordinary care would discover, and which are disregarded by the servant.   Those dangers which are unknown to the servant, and not discoverable by him with ordinary care, but which are, or by ordinary care of the master should be, known to him, are not assumed.   Of such the master is in duty bound to

notify his servant and this at the peril of answering in damages.''

Counsel rely upon the cases of *Brazil, etc., Co.* v. *Cain,* 98 Ind. 282, and *Columbus, etc., R. W. Co.* v. *Arnold, Admr.,* 31 Ind. 174.

Of these cases we may say that in the consideration of the Cain case the learned judge seems to have entirely. lost sight of the duty of the master to furnish a safe place to work, and of the fact that so far as the performance of this duty was concerned the act of the servant to whom he delegated it was his own. This distinction was soon after clearly made by the same court in *Indiana Car Co.* v. *Parker,* 100 Ind. 181, which has, upon that proposition, been followed by many cases in both the Supreme and Appellate Courts.

As to the Arnold case, the Supreme Court quite recently said: ''In the case of *Indiana Car Co.* v. *Parker, supra,* the extreme doctrine maintained in that case was not approved, and the same still meets with the disapproval of this court.'' *Indiana, etc., R. W. Co.* v. *Snyder, Admr.,* 140 Ind. 647.

The decision in *Evansville, etc., R. R. Co.* v. *Henderson,* 134 Ind. 636, lends no support to appellant's position as to the decedent's assumption of the risk. On the contrary, it recognizes most explicitly that the servant only assumes those risks fairly and properly belonging to the particular service in which he engages and not those latent dangers of which the master had, or in the exercise of reasonable diligence ought to have had, knowledge and which were unknown to the servant.

It is true the decedent was engaged in making repairs, and must therefore be held to have assumed all the natural and ordinary risks connected with such employment, but his employment was not to repair generally nor was it to search for defects, but simply to remedy

those particular defects to which he was specially directed. The risk of other latent defects, unknown to him and undiscoverable by ordinary care, were not assumed. These defects existing made the place where he was required to work as clearly unsafe as though the walls or roof of the house within which he labored had been, by reason of their insufficiency, liable to fall in upon him. Had the master warned him of their presence then he could have guarded against the misfortune which befell him. The doctrine announced by the learned judge in *Louisville, etc., R. W. Co.* v. *Graham, Admr.,* 124 Ind. 89, is more applicable and the facts or principle more nearly resemble those involved in this case than do those authorities cited by appellant's counsel. In that case the master was held liable for injuries to a servant by reason of defects in a tunnel which the servant was then engaged in repairing.

We have examined the evidence with considerable care. While the causes of the accident are involved in much doubt and confusion arising from conflicting opinions and statements of facts and it is by no means clear to us just how or why it occurred, there is not such an absolute want of evidence as would justify us in saying that the verdict must be set aside.

Since the negligence proved was primarily the negligence of Aber, the superintendent, in making the inspections and failing to discover and mark the broken king bolt and center plates, we do not think there was any harmful error in the instructions.

Judgment affirmed.

Ross, J., absent.

Filed May 1, 1895.