The New Kentucky Coal Company *v.* Albani, Administratrix.

No. 1,553.

## The New Kentucky Coal Company *v.* Albani, Administratrix, etc.

Master and Servant.—*When Knowledge and Want of Knowledge Should Be Specifically Averred.—Safe Place and Appliances.*—Where a recovery is sought for the master's neglect of duty with reference to safe place or appliances, knowledge of the defect by the master and want of knowledge by the servant must be affirmatively shown by the complaint; knowledge and want of knowledge, in such case, being an independent element of liability not included in the general averment of negligence or want of negligence.

Same.—*Knowledge, Actual and Constructive.*—Allegations as to knowledge include not only actual but constructive knowledge.

Appellate Court Practice.—*Ruling on Demurrer Harmless.—How Determined.— Looking to Evidence and Instructions.*— The appellate tribunal can not resort to the evidence and the instructions to ascertain whether or not the error in overruling a demurrer was harmless, unless the record affirmatively shows that the judgment did not rest upon the paragraph questioned.

From the Vermillion Circuit Court.

*W. J. Strong, W. K. Carlisle, M. G. Rhoads* and *B. S. Aikman,* for appellant.

*H. H. Conley, J. C. Sawyer, T. N. Rice, J. T. Johnston, J. D. Piety* and *J. E. Piety,* for appellee.

Gavin, J.—Action to recover damages for negligently failing to make safe the roof of the mine wherein appellee's decedent was working in appellant's employ.

The complaint avers negligence upon the part of appellant and freedom from contributory negligence on the part of the deceased, but it wholly fails to allege appellant's knowledge of the dangerous condition of the roof or the deceased's want of such knowledge.

It can not, therefore, be deemed sufficient to withstand the demurrer by which it was challenged.

Vol. 12—32

The sufficiency of the general allegations of negligence and want of negligence in ordinary cases where negligence is sought to be put in issue can not be controverted.

It is the duty of the master to exercise reasonable care to provide reasonably safe working places, appliances and machinery for his servants. *Evansville, etc., R. R. Co.* v. *Holcomb,* 9 Ind. App. 198; *Linton Coal, etc., Co.* v. *Persons,* 11 Ind. App. 264; *Hammond, G. H. & Co.* v. *Mason,* 12 Ind. App. 469.

But in suits by the servant against the master for his negligent failure to furnish a safe place or safe machinery or appliances for the servant's task, the law must now be regarded as settled in Indiana, by repeated adjudications, that knowledge is an independent element of liability not included in the general averment of negligence or want of negligence.

Where, therefore, as here, a recovery is sought for the master's neglect of his duty with reference to safe place or appliances, knowledge of the defect by the master and want of knowledge by the servant must be affirmatively shown by the complaint. *Chicago, etc., R. R. Co.* v. *Fry, Admx.,* 131 Ind. 319; *Evansville, etc., R. R. Co.* v. *Duel,* 134 Ind. 156; *W. C. DePauw Co.* v. *Stubblefield,* 132 Ind. 182; *Pennsylvania Co.* v. *Sears,* 136 Ind. 460; *Ames, Admr.,* v. *Lake Shore, etc., R. W. Co.,* 135 Ind. 363; *Pennsylvania Co.* v. *Congdon,* 134 Ind. 226; *Kentucky, etc., Bridge Co.* v. *Eastman,* 7 Ind. App. 514; *Cleveland, etc., R. W. Co.* v. *Sloan,* 11 Ind. App. 401; *Lake Shore, etc., R. W. Co.* v. *Kurtz,* 10 Ind. App. 60.

The servant's knowledge or want of knowledge must be specially alleged, because upon this it depends whether or not he is to be held to have assumed the risk of the defect, assumption of the risk and contributory negligence being separate and independent factors.

It is also established by the authorities that the allegations as to knowledge include not only actual but constructive knowledge. *Parke Co. Coal Co.* v. *Barth*, 5 Ind. App. 159; *Heltonville Mfg. Co.* v. *Fields*, 138 Ind. 58; *Evansville, etc., R. W. Co.* v. *Duel, supra*.

The appellee relies upon *Ohio, etc., R. W. Co.* v. *Pearcy, Admx.*, 128 Ind. 197, which was followed by *Louisville, etc., R. R. Co.* v. *Utz, Admr.*, 133 Ind. 265, to sustain his position that the general averment of negligence includes knowledge.

Whatever aid these cases might render appellee they can not stand before the later adjudications of the same tribunal, which we are constrained to follow.

We can not, as requested by appellee, resort to the evidence and the instructions to ascertain whether or not the error in overruling the demurrer was harmless. *Johnson* v. *Breedlove, Admr.*, 72 Ind. 368; *Pennsylvania Co.* v. *Marion*, 104 Ind. 239; *Belt R. R., etc., Co.* v. *Mann*, 107 Ind. 89; *Ryan* v. *Hurley*, 119 Ind. 115.

When the record shows affirmatively that the judgment did not rest upon the paragraph questioned another rule prevails. *Baldwin* v. *Hutchison*, 8 Ind. App. 454.

It is unnecessary for the determination of this appeal, that we should undertake to pass upon other questions presented, the complaint being bad for the reasons given.

Judgment reversed, with leave to amend complaint.

Filed May 17, 1895.