CHOCTAW, O. & G. R. CO. VS O'NESKY.

Opinion delivered October 27, 1906.

(90 S. W. Rep. 300).

1. *Master and Servant—Evidence of Negligence When Not Alleged in Complaint Inadmissable.*

In a suit to recover damages by a miner for injuries received in a mine evidence of the failure of the appellant to inspect the mine and that a mine of the particular nature should be inspected frequently is inadmissable in evidence when the complaint fails to allege same as negligence on the part of the appellant.

2. *Same Presumptions of Duty by Master and of Non Notice to Him of Defects—Burden of Proof.*

> The presumption is that the master has done his duty by furnishing safe and suitable appliances for the performances of his work. And while this presumption is overcome by positive proof that the appliances were defective, the plaintiff is met by a further presumption that the master had no notice of the defect and was not negligently ignorant of it. It is not sufficient to show that the plaintiff was injured, and that the injury resulted from a defect in the machinery; but he must go further and show that the injury happened because the master did not exercise proper care in the premises.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice W. H. H. Clayton, April 2, 1903.

Action by John O'Nesky against the Choctaw, Oklahoma & Gulf Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

On March 28, 1903, the plaintiff (appellee) filed his amended complaint at law against the defendant (appellant), and alleged that the defendant on September 30, 1899, was mining coal at Hartshorne, I. T., in its mine or shaft No. 1, in which it had and maintained entry No. 2 north, by which its employes reached room 9 on said entry; that it was defendant's duty to keep and maintain said entry in a good and safe condition, so that employes in the performance of their duty could pass through said entry with safety; that on said date plaintiff was employed by defendant in mining coal in said room 9 on said entry No. 2; that it was defendant's duty to keep and maintain said entry in a safe condition for plaintiff's use, and to "exercise the highest skill and diligence to keep the roof thereof in such condition that rock, slate, or earth should not fall therefrom;" that on said date defendant neglected to maintain the roof of said entry in a safe condition and negligently permitted and allowed the same to become and be dangerous and unsafe; and on said September 30, 1899, while plaintiff, in

the discharge of his duty, was in said entry, slate, rock, and earth, by the negligence and carelessness of the defendant as aforesaid, fell upon the plaintiff, crushing his hips and back, and permanently crippling him, so that plaintiff suffered pain, and is now and always will be incapable of performing any physical labor, to his damage $15,000. The defendant filed its answer, and denied each and every allegation made by the plaintiff, and further says that plaintiff ought not to recover, "because the injury, if any, which he received, was the result of his own negligence, which contributed proximately to the accident." The case was tried before a jury, who returned the following verdict: "We, the jury, duly empaneled and sworn to try this cause, do find the issues for the plaintiff, John O'Nesky, and assess his damages at the sum of ($3,000) dollars. A. Swift, Foreman." Motion for new trial was filed and overruled, and defendant appealed to this court.

*Read & McDonough*, for appellant.

*Meacham & Bryant*, for appellee.

TOWNSEND, J. (after stating the facts). The appellant has filed assignment of errors as follows: "(1) The court erred in admitting the testimony of Charles Guffy tending to show that it was defendant's duty to inspect the mine. (2) The court erred in admitting the testimony of Hugo Metzek tending to show that a mine of that nature should be inspected frequently, and tending to show that it should be inspected after every firing of shots. (3) The court erred in permitting the plaintiff to prove that it was defendant's duty to inspect frequently a mine of that nature. (4) The court erred in refusing to instruct the jury to return a verdict for the defendant. (5) The court erred in giving each of the instructions given at the request of the plaintiff. (6) The court

erred in refusing each of the instructions requested by the defendant."

The first three assignments of error relate to the admission of testimony introduced by appellee, to which appellant excepted: First, testimony tending to show that it was the duty of appellant to inspect the mine; second, testimony tending to show that a mine of that nature should be inspected frequently, and that it should be inspected after every firing of shots; and, third, in permitting appellee to prove that it was the duty of appellant to inspect frequently a mine of that nature. The appellee, in his complaint, alleges that it was the duty of appellant "to keep and maintain said entry in a good and safe condition," and "that on and before September 30, 1899, the defendant (appellant) neglected to keep and maintain the roof of said entry in a proper and safe condition, and negligently permitted and allowed the same to become and be dangerous and unsafe." The foregoing are the only allegations of negligence in the complaint of the appellee which appellant in his answer specifically denied. It will be observed that a failure to inspect the mine by the appellant is not alleged to be negligence, neither is it alleged that a mine of that nature should be inspected frequently, and that it is negligence not to do so, or that it is negligence not to inspect after every firing of shots. The admission of this testimony was excepted to upon the ground that there were no allegations in the complaint that authorized its admission. Appellant cites, in support of the contention, Radcliffe et al. vs Scruggs, 46 Ark. 103. The court says: "It would be an injustice to parties litigant to adjudicate their rights upon issues that were never raised in the court below. A plaintiff cannot be permitted to recover upon a case not made by his bill. The allegata and probata must correspond." In Smith et al. vs Graves, 25 Ark. 458, the court says: "Under the practice at that time, and the

well-understood common-law rule that the 'allegata et probata' must correspond, he was not entitled to such proof. The plaintiffs were not required to meet questions in proof that had in no way been brought to their notice by any proceeding before the court, and upon that ground the court ought to have sustained the plaintiffs' objection to the admission of such evidence." See, also, Hackney et al. vs Butts, et al,, 41 Ark. 400. The court, in his charge to the jury, said: "The law presumes in the first instance that every man does his duty; the law presumes that the company did inspect the mine, because it was their duty to do it, and therefore you are not to find the company guilty of negligence because of the fact that they did not inspect the mine. As the proof stands before you, taken together with the presumption of the law, there being no proof that they did not inspect the mine, the law presumes that they did their duty in that particular." It is therefore apparent that the admission of the testimony as to the duty of appellant to inspect was improper.

From the testimony of the witnesses, including appellee's own testimony, it is shown that the roof of the entry was in a dangerous condition, and that appellee was fully aware of its condition, and it is suggested that the testimony as to the necessity for the inspection of the mine frequently was not admitted to prove negligence in a failure to inspect, but for the purpose of showing that the defendant (appellant) had knowledge of this dangerous condition. But does it show that appellant had such knowledge? It does not appear from the testimony that any other evidence was introduced to charge the appellant with such knowledge, or that appellant received any notice of its dangerous condition, and there is no proof to show that the appellant was negligent in failing to repair the roof. In St. L., I. M. & S. Ry. vs Gaines, 46 Ark. 567, the court says: "The master is not an insurer of the servant's

safety, nor does he guaranty that the machinery, tools, and instrumentalities he furnishes may not prove defective. He only undertakes to use reasonable care to prevent such results. L. R. & F. S. R. Co. vs Duffey, 35 Ark. 602; St. L., I. M. & S. Ry. vs Harper, 44 Ark. 529. The presumption is that the master has done his duty by furnishing safe and suitable appliances for the performance of his work. And when this is overcome by positive proof that the appliances were defective, the plaintiff is met by a further presumption that the master had no notice of the defect and was not negligently ignorant of it. It is not sufficient to show that the plaintiff was injured, and that the injury resulted from a defect in the machinery; but he must go further and establish the fact that the injury happened because the master did not exercise proper care in the premises. Shearman & Redfield on Negligence, § 99; Thompson on Negligence, 1053; Wood on Master & Servant, § 382; Pierce on Railroads, 373, 382; 3 Wood's Railway Law, 1505; St. L., I. M. & S. Ry. Co. vs Harper, supra; K. C. S. & M. R. R. vs Summers, 45 Ark. 295; L. R. & F. S. Ry. vs Townsend, 41 Ark. 382; Hayden vs Smithfield Mfg. Co., 29 Conn. 548; De Graff vs N. Y. & H. R. R. Co., 76 N. Y. 125; E. St. 9 L. P. & P. Co. vs Hightower, 92 Ill. 139." In New Kentucky Coal Co. vs Albani, Adm'x, 12 Ind. App. 498, 40 N. E. 702, the court says: "It is the duty of the master to exercise reasonable care to provide reasonably safe working places, appliances, and machinery for his servants. Evansville, etc., R. R. Co. vs Holcomb, 9 Ind. App. 198, 36 N. E. 39; Linton Coal, etc., Co. vs Persons, 11 Ind. App. 264, 39 N. E. 214; Hammond, G. H. & Co., vs Mason, 12 Ind. App. 469, 40 N. E. 642. But in suits by the servant against the master for his negligent failure to furnish a safe place or safe machinery or appliances for the servant's task, the law must now be regarded as settled in Indiana, by repeated adjudications, that knowledge is an independent element of liability not included in the general

averment of negligence or want of negligence. Where, therefore, as here, a recovery is sought for the master's neglect of his duty with reference to safe place or appliances, knowledge of the defect by the master and want of knowledge by the servant must be affirmatively shown by the complaint." In Penn. Co. vs Congdon (Ind. Sup.) 33 N. E. 798, 39 Am. St. Rep. 251, it is said: "The complaint neither alleges knowledge on the part of appellant of any defect in the lantern, nor does it allege facts from which such knowledge on the part of appellant may be inferred. On the other hand, while it is alleged that appellee had no knowledge of the defect in the lantern, facts are stated which would seem to indicate that appellee ought to have known of the defect, if any existed."

The appellee testified as follows: "Q. When did he first see the condition of the rock? A. He noticed it about 2 or 3 weeks. Q. Did he notice the roof opposite the neck of the room when he first commenced to work there? A. He said when he started to work there he didn't notice very particularly whether there was much of a break in the rock or not. Q. He first noticed this bad break about 3 weeks before the accident happened? A. Two or 3 weeks when he noticed that rock. Q. Did he notice that rock every day from that time, during the 3 weeks down to the accident? A. He said when he went by there he always put a little more locomotion, a little more speed on it to get by there, watching that rock." It thus appears that appellee was advised as to the dangerous condition of the rock of this entry.

In St. Louis Cordage Co. vs Miller, 126 Fed. 507, 61 C. C. A. 477, 63 L. R. A. 551, decided by the Circuit Court of Appeals for the Eighth Circuit, it is said: "Hence the rule declared by the Supreme Court in Washington, etc., Railroad Co. vs McDade, 135 U. S. 554, 570, 10 Sup. Ct. 1044, 34 L.

Ed. 235, that if an injury is inflicted upon an employe on account of a defect and danger which arose during his employment, yet, "if the employe knew of the defect in the machinery from which the injury happened, and yet remained in the service and continued to use the machinery without giving any notice thereof to the employer, he must be deemed to have assumed the risk of all danger reasonably to be apprehended from such use, and is entitled to no recovery." And on page 508, 126 Fed., 61 C. C. A. 477, 63 L. R. A. 551: "The authorities and opinions to which reference has now been made have forced our minds irresistibly to the conclusion that the following rules of law have become irrevocably settled by the great weight of authority in this country, and by the opinions of the Supreme Court, which, upon well-settled principles, must be permitted to control the opinion and action of this court. A servant, by entering or continuing in the employment of a master without complaint, assumes the risks and dangers of the employment which he knows and appreciates, and also those which an ordinarily prudent person of his capacity and intelligence would have known and appreciated in his situation. A servant who knows, or who by the exercise of reasonable prudence and care would have known, of the risks and dangers which arose during his service, but who continues in the employment without complaint, assumes those risks and dangers to the same extent that he undertakes to assume those existing when he enters upon the employment. Among the risks and dangers thus assumed are those which arise from the failure of the master to completely discharge his duty to exercise ordinary care to furnish the servant with a reasonably safe place to work and reasonably safe appliances and tools to use. Assumption of risk and contributory negligence are separate and distinct defenses. The one is based on contract, the other on tort. The former is not conditioned or limited by the existence of the latter, and is alike available whether the risk assumed is great

or small, and whether the danger from it is imminent and certain or remote and improbable." And on page 511, 126 Fed., 61 C. C. A. 477, 63 L. R. A. 551: "Now, while it is true, as the decisions to which we have adverted declare, that mere knowledge of a defect by a servant who continues in the employment does not necessarily establish the fact as a matter of law that he has assumed the risk it entails, and while it is also true that he does not assume such risk unless an ordinarily prudent person of his capacity in his situation would have appreciated the danger from it, it is equally true that a servant who enters or continues in the employment of his master in the presence of visible or obvious defects and plain or apparent dangers from them, which he knows or appreciates, or which an employe of his intelligence and capacity would by the exercise of ordinary care and prudence know and appreciate, assumes the risk of these dangers, and he cannot be heard to say that he did not appreciate them; and when the uncontradicted evidence establishes these facts no case arises in his favor, no question remains for the jury, and it is the duty of the court to peremptorily instruct them to return a verdict for the master. This is a familiar and well-established rule of law. It is sustained and illustrated by the following cases, in which courts have held that it was the duty of the trial court to direct a verdict for the employer."

The appellee has filed no brief.

We are therefore of the opinion that the appellee, by continuing in the employment of appellant, with the knowledge of the dangerous condition of that roof, assumed the risks incident to said employment and cannot recover in this action, and the court below should have granted the motion of appellant to instruct the jury to return a verdict for the defendant; and the case is reversed and remanded, with directions to the court below to dismiss the case.

GILL, J., concurs.   RAYMOND, C. J., not participating.