## CULLEN v. NORTON.

*(Supreme Court, General Term, Third Department.* February 24, 1890.)

MASTER AND SERVANT—DANGEROUS EMPLOYMENT—ASSUMPTION OF RISKS.

Plaintiff's intestate was employed in a quarry. Defendant's foreman, knowing that a hole drilled and charged in a perpendicular wall of rock had failed to explode, placed workmen to drill new holes near the unexploded one, and directed intestate to drill other holes near the bottom of the wall, and underneath the upper workmen. The unexploded blast unexpectedly exploded, and a fragment of rock struck and killed intestate. The court charged the jury to find for defendant if the explosion occurred from the possible carelessness of the workmen drilling near the unexploded blast, but not if it occurred from percussion or concussion, or from sparks flying from drills near it, unless intestate was chargeable with contributory negligence. *Held,* that the charge was as favorable to defendant as he had a right to demand, and that a verdict for plaintiff would not be disturbed.

Appeal from circuit court, Ulster county.

Action by Stacia Cullen, administratrix of James Cullen, deceased, against Frederick O. Norton, to recover for the death of her intestate by reason of the alleged negligence of defendant. There was a verdict for plaintiff. From the judgment thereon defendant appeals. For former opinions and statements, see 4 N. Y. Supp. 774; 5 N. Y. Supp. 523.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*J. N. Fiero,* for appellant. *Wm. Lounsbery,* for respondent.

LANDON, J. The facts are not materially different from those presented upon the former appeal. 4 N. Y. Supp. 774; 5 N. Y. Supp. 523. We then held that the plaintiff's intestate took upon himself all the risks incident to the dangerous character of his service, except those which might befall him in consequence of his master's negligence. He took the risks of every danger arising from the nature of his employment, and from the negligence of his fellow-servants. We held that it was one of the duties of his master—the only duty material to be considered in this case—to furnish him a safe and proper place in which to prosecute his work; that, since this duty belonged to the master, the foreman in charge of the servants in this part of the work, in assigning the intestate to his place of labor, was performing the duties of the master, and therefore represented him; that it was a question of fact, for the jury, whether the death of the intestate was attributable to the negligence of his master in not assigning him to a proper and safe place of labor, or whether it was attributable to the negligence of his fellow-servants, or to his own. The case has been retried upon this theory, and resulted in a verdict for the plaintiff. We think the facts, as now presented, require an affirmance of the judgment. It may be conceded that the distinction between the dangerous nature of the employment and the dangerous nature of the place of employment is not always clearly perceived. We therefore hazard an illustration: Suppose the place is a rock in a mine, and the work is the picking out of explosive powder from the hole of an undischarged blast in the rock. The place, aside from the nature of this particular work, is safe; but the work is unsafe and dangerous in extreme. If an explosion results from the work, and injures the servant, the injury is plainly attributable to the work, and not to the place. But suppose, while engaged in this dangerous work, an overhanging rock, gradually becoming loosened, now falls upon the servant, and kills him. His death is attributable to the place, and the inquiry would be pertinent whether his master was negligent in assigning him to such a place. Again, suppose the workman is extracting the powder from the blast, as in the first supposition, and the danger is incident only to the nature of his work, and the master, with knowledge of the situation, directs a second workman to drill a new hole in the same rock, near to the one upon which the first workman is employed. Clearly, with respect to the second workman, the

place is a dangerous one, wholly irrespective of his own employment. As is repeated in *Hussey* v. *Coger*, 112 N. Y. 614, 20 N. E. Rep. 556, the master owes the duty to his servants to furnish a safe and proper place in which to prosecute his work, and to exercise care and prudence in the protection of his servants from the known and inherent dangers of the situation.

In the case at bar, the foreman of the defendant, knowing that one of the holes of the blast in the perpendicular wall of rock, 15 feet above the bottom, was not exploded in the discharge of the other holes near it, placed workmen to drill new holes near the unexploded one, and then placed the intestate to drill other holes, near the bottom of the wall, and underneath the upper workmen. The unexploded blast exploded, and the fragments of rock falling from it killed plaintiff's intestate. The place was unsafe, for three reasons: *First*, from the possible carelessness of the workmen drilling near the unexploded blast; *second*, from percussion or concussion; *third*, from sparks flying from the drills near it. The jury were instructed to find for the defendant if the explosion occurred from the first cause, but not if from the second or third, unless the intestate was chargeable with contributory negligence. This was as favorable to the defendant as he was entitled to demand. The rule requiring the master to protect his servant from the known and inherent dangers of the situation includes those reasonably to be apprehended. Because the carelessness of fellow-servants, in such a situation, is not to be reasonably apprehended, the master may escape the consequences arising from that peril. But if it was reasonable to apprehend a premature explosion from some other cause, then the master's care and prudence should have protected the intestate from it. The foreman was his only representative to act for him; and the jury have found that he not only failed to exercise that care, but actually did, with respect to the intestate, what ordinary care should have restrained him from doing. *Leonard* v. *Collins*, 70 N. Y. 90. In *Hussey* v. *Coger*, *supra*, the foreman was engaged in the work which resulted in killing a workman underneath. The injury was attributable to the negligence of fellow-workmen, and not to causes peculiar to the place of work, independently of such negligence. Judgment affirmed, with costs. All concur.