Lawrence, by, &c., v. Hagemeyer & Co.

CASE 100—PETITION ORDINARY—DECEMBER 15.

93  591<br>101  638

## Lawrence, by, &c., v. Hagemeyer & Co.

### APPEAL FROM PENDLETON CIRCUIT COURT.

1. MASTER AND SERVANT—DEFECTIVE MACHINERY—FELLOW SERVANTS.—While the master is not required to guarantee absolute safety or perfection of machinery or other apparatus provided for the use of the servant, yet in furnishing and keeping them in proper condition he must observe all the care which the exigencies of the situation and nature of the business reasonably require for the safety of the servant. And when the master is a corporation this duty must be discharged by its officers and agents, but in doing so they are not to be regarded as fellow-servants of those who operate these agencies. They then represent the company.

2. SAME—PROMISE TO REPAIR—CONTRIBUTORY NEGLIGENCE.—Where a servant in the employment of a corporation notified the proper agents of the company of the defective condition of machinery furnished for his use, refusing to use it if it was not repaired, and the foreman directed the repairs to be done, and the machinist whose duty it was to make them afterward reported to the ser-

vant that it was " all right," he had the right to rely upon this statement, and was not chargeable with contributory neglect in using the machinery unless the continued danger from its use was apparent to one of ordinary care. He was not bound to hunt for a defect.

3. SAME—EVIDENCE.—It was error not to allow the plaintiff to testify that when he began working the saw, after it had been reported to him as being all right, its defective condition was not perceivable.

J. H. BARKER, L. P. FRYER FOR APPELLANT.

1. The duty of the master to provide safe machinery for his servant and keep it in repair can not be delegated so as to relieve the master from liability.

2. Where the master furnishes defective machinery or premises for the servant's use, the promise by the master to repair within a reasonable time after notice from the servant of the danger, places the risk on the master. (McDowell v. Ches., O. & S. W. R. Co., 10 Ky. Law Rep., 209; Whittaker's Smith on Negligence, 136; Hough, &c., v. Texas Pac. R. Co., 1 Ky. Law Rep., 171.)

And especially is this true where the master, through his agent, reports back that the defect has been repaired.

W. M. RARDIN, JAMES F. ELLIS FOR APPELLEE.

The plaintiff was guilty of such contributory negligence as precludes a recovery. (P. & M. R. Co. v. Hoehl, 12 Bush, 43; Covington v. Bryant, 7 Bush, 249; Sullivan v. Louisville Bridge Co., 9 Bush, 90; L. & N. R. Co. v. Sickings, 5 Bush, 10; Ky. Cent. R. Co. v. Dils, 4 Bush, 594.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, James A. Lawrence, while engaged as an employe of the appellee, a corporation, in operating a rip saw in its mill had a part of his hand cut off; and he sues to recover damages upon the ground that the appellee, through those in charge of its mill, was guilty of gross neglect in having him use a saw unfit for use, and which was so unskillfully placed in position as to render its use dangerous, all of which was unknown to him at the time of the injury.

At the close of the testimony for the appellant the

Lawrence, by, &c., v. Hagemeyer & Co.

jury were, upon appellee's motion, peremptorily instructed to find for it.

It appears the appellant, a boy sixteen years old, was operating a saw that had been in use for over eight years; that from age and inexperience he was unfamiliar with repairing such machinery; that the appliances which kept the saw in place were hid from view by a table, the saw only being visible; that they were worn out, which rendered the saw unfit and unsafe for use, and that the workman had to use his hand in running the boards through as he walked along the side of the table. The employment was quite hazardous.

A short time before the accident occurred the appellant found the saw did not run straight and steady; that it jumped and wabbled, and would pinch the boards as they went through; and he went to the person whose business it was to repair the machinery and told him of it, and requested its repair. The reply was that he did not have time.

The appellant then reported the matter to the foreman and declared he would quit work unless it was repaired. The foreman then said he would have it fixed, and directed the machinist to do so; and in a short time the latter came to the appellant and told him he had done so, and that it was all right.

The appellant at once began work with it, but the saw pinched the second board and stopped it. The appellant's hand slipped off the board as he attempted to push it through, and against the saw, and was injured. These are substantially the facts of the case as shown by the testimony for the appellant.

It is the duty of the master not to expose the servant,

when in the conduct of his business, to hazards which may be guarded against by proper diligence upon the part of the master.

The latter is not required to guarantee absolute safety or perfection of machinery or other apparatus provided for the use of the servant, but in furnishing and keeping them in proper condition he must observe all the care which the exigencies of the situation and nature of the business reasonably require for the safety of the servant. This is implied as a part of the contract for service. Hough v. Railway Company, 100 U. S., 213.

It is also equally implied, however, that the servant agrees to take the natural and ordinary risks incident to the service, such for instance as arise from the negligence of his fellow servants. The compensation is considered in law as being adjusted accordingly.

Considerations of justice and public policy require this adjustment of rights and liabilities, and the difficulty arises in their application to the facts of the particular case.

While the master must use reasonable skill and care in providing the agencies to be used by the servant in the conduct of his business, yet the latter must act likewise in their use; because he ought not to be allowed to hold the master liable for injury resulting from his own reckless conduct. He ordinarily has no hand, however, in providing these agencies, or with keeping them in suitable condition, and he cannot, therefore, be understood as assuming, by his contract of service, any risks in these respects. This is the master's side of the business, and what is reasonable care in the matter upon his part is graded by the character of the business and the dangers

incident to it. This rule applies to corporations as well as individuals. Where the employer is a corporation the duty must, of course, be discharged by its agents and officers; but in doing so they are not to be regarded as fellow servants of those who operate these agencies. They are then performing the duty that the master owes to the servant, and represent the company. (Wharton on Negligence, sections 211, 212, 232a.)

It is said, however, that, viewed by the testimony for the appellant, an examination by him of the saw would have shown its unsafe condition ; and that it was required of him to make it, as it was his duty to start and stop the saw.

Undoubtedly, if the employe, after discovering the defective condition of machinery furnished to him for his use, continues to use it without complaint or giving notice to the employer or the proper officers of a company, he would be guilty of such contributory neglect as would prevent a recovery for an injury arising from the defect. He would be regarded as having assumed the risk or danger arising from its defective condition.

In this case, however, the appellant, upon discovering by use the defective condition of the saw, notified the proper agents of the company, and refused to use it if it was not repaired. The foreman directed it to be done, and the party whose business it was to repair and care for the machinery reported to the appellant that it was all right.

In this matter the machinist and the foreman represented the corporation. For this purpose they were the company.

The testimony tends to show that when the appellant

again began to use the saw its defective condition was not apparent. If so, he had a right to rely upon what the machinist said as to its condition. It was in law the statement of the company. If the continued danger from its use was apparent to one in the exercise of ordinary care, then a continuation of the work by the appellant would constitute contributory neglect and prevent a recovery; but, otherwise, he had the right to assume that what the company's agent had said was true. In the latter case the use of the saw by him, although dangerous, was not contributory neglect upon his part.

This question the appellant had a right to have submitted to the jury, and it should have been done under proper instructions. The court refused to let the appellant state as a witness, whether, when he began working the saw after it had been reported to him as being all right, its defective condition was perceivable. This was error. If it was not apparent to one of ordinary care, then he had the right to rely upon the statement made to him and proceed with his work without an examination of its condition. He was not bound to hunt for a defect.

It is evident the injury was not the result of mere accident. It arose from the defective condition of the apparatus connected with the saw.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.