## INDIANA NATURAL GAS & OIL COMPANY *v.* O'BRIEN, BY NEXT FRIEND.

[No. 19,477. Filed January 8, 1903. Rehearing denied March 18, 1903.]

NEGLIGENCE.—*Incurred Risk.*—*Notice.*—*Pleading.*—Under §359a Burns 1901, which provides that in actions for personal injuries it shall not be necessary for plaintiff to allege or prove freedom from contributory negligence, plaintiff, in an action for personal injuries caused by the giving way of a defective bridge which she was attempting to cross, is not required to negative in the complaint previous notice or knowledge of the unsafe condition of the bridge. *pp. 269-278.*

APPEAL AND ERROR. — *Bill of Exceptions. — Evidence.— Record.* — The evidence can not be considered on appeal, where what purports to be a bill of exceptions embracing the evidence does not appear

to have been presented to the judge for signature within the time allowed by the court. *p. 278.*

Appeal.—*Bill of Exceptions.*—*Filing.*—The evidence is not properly in the record where the bill of exceptions is not shown to have been filed, either in open court or with the clerk, after being signed by the judge. *p. 278.*

Negligence.—*Pleading.*—*Evidence.*—In an action for personal injuries caused by the giving way of a defective bridge, the defendant may, under the general denial, prove that plaintiff had notice of the unsafe condition of the bridge prior to the accident, although notice thereof was not negatived in the complaint. *p. 279.*

From Cass Circuit Court; *D. H. Chase*, Judge.

Action by Lillie O'Brien, by next friend, against the Indiana Natural Gas & Oil Company for damages for personal injuries. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*W. O. Johnson, M. Winfield, G. C. Taber, J. C. Blacklidge, C. C. Shirley, Conrad Wolf, J. A. Hindman* and *M. M. Powell*, for appellant.

*M. B. Lairy, M. F. Mahoney, S. T. McConnell* and *A. G. Jenkins*, for appellee.

Jordan, J.—Appellee, a minor, commenced this action by her next friend in the Howard Circuit Court, to recover damages for personal injuries sustained by her, and alleged to be due to the negligence of appellant. . The cause was venued to the Cass Circuit Court, wherein, on a trial by the court, appellee was awarded the sum of $4,000, and, over appellant's motion for a new trial, judgment was rendered on the general finding of the court for that amount. From this judgment appellant appeals, and assigns three errors: (1) Overruling the demurrer to the amended complaint; (2) overruling motion in arrest of judgment; and (3) denying motion for a new trial.

The amended complaint, among other things, discloses that the defendant is a corporation organized and doing business in and under the laws of the State of Indiana,

and has been such corporation for about ten years, and during that time has been engaged in constructing, maintaining, and operating gas pipe-lines in the gas territory of Indiana, running from Cass county to Chicago, in the state of Illinois. Prior to the 25th day of June, 1899, the defendant, while maintaining and operating its gas pipe-line aforesaid, excavated a deep and wide trench in which to lay its pipe-line across the northwest corner of Spencer park, a public park owned by the city of Logansport, Indiana, and situated near to said city. This park, it is alleged, was open to and frequented by the public generally, and that a public drive and road in said park was much traveled by the public, which fact was well known to the defendant. Said trench, where it crossed said drive and highway, was very deep and wide, and dangerous to persons traveling on the said highway when the trench was not securely bridged and covered. The defendant, at and prior to the aforesaid date, invited the public generally to travel said highway over said trench, by bridging the same so as to make it appear to be safe for travelers to pass over. After alleging these facts, the complaint charges that said defendant "carelessly and negligently bridged and covered said trench at said drive and highway with weak and insufficient material, to wit, with small, defective, weak, and rotten cross-ties, and covered said cross-ties with thin, defective, and decayed boards, which would not stand the weight of an ordinary horse and buggy passing on and over the same; that said cross-ties were not securely fastened in the earth, and that said boards were not nailed or otherwise fastened to such cross-ties, by reason whereof said covering and bridge were from the first insecure and unsafe to the public having occasion to travel over said drive and highway; that on said 25th day of June, 1899, the plaintiff was riding on and along said highway in a buggy drawn by a single horse, and while so driving along said highway, intending and endeavoring to drive over said trench across said bridge or

covering, and when her horse was on and about to cross the same, said bridge gave way and broke down, and thereby and by reason whereof precipitated her said horse into said deep and wide trench, whereby and by reason whereof the buggy in which the plaintiff was riding was suddenly thrown forward with great force and violence, by which the plaintiff was thrown with terrific force and violence from her seat in said buggy against the front part thereof, to wit, upon the dash-board and the wheels of said buggy, and she was then and there made sick, and greatly and sorely wounded, cut, strained, ruptured, torn, lacerated, and otherwise injured, both externally and internally." It is also alleged that her said injuries are permanent, and by reason thereof she will be an invalid, unable to labor and earn a livelihood, during the remainder of her natural life. A further description of her injuries, her suffering, and the expense which she incurred by reason of medical treatment, etc., are disclosed. She alleges that she is nineteen years of age, and prior to the accident had always enjoyed perfect health, etc. Damages in the sum of $25,000 are demanded.

The principal objection urged against the complaint, is that there is an entire absence therein of any averments to negative notice or knowledge on the part of the plaintiff of the unsafe or dangerous condition of the bridge previous to the time of the accident. It is therefore insisted that, in view of the absence of such averments, the presumption necessarily must follow that she did know or have knowledge of the peril or danger to which she would be exposed by her act in entering upon the bridge in controversy. Under such circumstances it is said that by her voluntary act in going upon the bridge she thereby assumed or took upon herself the risk of a known danger, and a recovery in this action is therefore barred. Or, in other words, it is contended that under the facts in the complaint, the principle affirmed by the maxim *volenti non fit injuria* applies

and rules the case. It is conceded, and properly so, that the rule which formerly prevailed in this jurisdiction requiring a plaintiff, who sued to recover for personal injuries due to the negligence of the defendant, to allege in his complaint, and prove upon the trial, freedom on his part of contributory negligence, has been abrogated by an act of the legislature approved February 17, 1899. Acts 1899, p. 58, §359a Burns 1901. But the contention is advanced that the latter act did not relieve appellee of the duty of showing by positive averments in her complaint that she had no notice or knowledge, at the time she entered upon the bridge, of its unsafe or dangerous condition. It is insisted that, under the law as it still exists, she was required to negative such knowledge upon her part, in order to show that by her act in entering upon the bridge that she did not voluntarily assume or take upon herself the risk of its unsafe or dangerous condition.

It will be noted that the question as here presented relates wholly to the sufficiency of the pleading in respect to its statement of a cause of action arising out of the negligence of the defendant, and that the relation of master and servant did not exist between the respective parties at the time the alleged injury was sustained. It has been settled, by a long line of decisions of this and the Appellate Court, that in an action wherein it is sought to recover damages for the injury or death of a servant by reason of or on account of the negligence of the master in failing to furnish a safe place or premises in which the servant was required to work, or safe machinery, appliances, or implements with which he was required to perform the duties of his employment, then in such a case the complainant must negative in his complaint knowledge on the part of the servant of the unsafe condition of such premises, machinery, appliances, or implements, in order to show that the injured or deceased servant had not voluntarily assumed the danger complained of as one of the ordinary risks of the service

or employment in which he was engaged. See the following cases: *Indiana, etc., R. Co.* v. *Dailey,* 110 Ind. 75; *Louisville, etc., R. Co.* v. *Sandford,* 117 Ind. 265; *Louisville, etc., R. Co.* v. *Corps,* 124 Ind. 427, 8 L. R. A. 636; *Evansville, etc., R. Co.* v. *Duel,* 134 Ind. 156; *Louisville, etc., R. Co.* v. *Miller,* 140 Ind. 685; *Peerless Stone Co.* v. *Wray,* 143 Ind. 574; *Louisville, etc., R. Co.* v. *Kemper,* 147 Ind. 561; *Clark County Cement Co.* v. *Wright,* 16 Ind. App. 630; *Chicago, etc., R. Co.* v. *Wagner,* 17 Ind. App. 22; *McFarlan Carriage Co.* v. *Potter,* 21 Ind. App. 692; *McFarlan Carriage Co.* v. *Potter,* 153 Ind. 107; *New Kentucky Coal Co.* v. *Albini,* 12 Ind. App. 497; *Evansville, etc., R. Co.* v. *Holcomb,* 9 Ind. App. 198; *Linton Coal, etc., Co.* v. *Persons,* 11 Ind. App. 264; *G. H. Hammond Co.* v. *Mason,* 12 Ind. App. 469; *Terre Haute, etc., R. Co.* v. *Pruitt,* 25 Ind. App. 227; *Staldter* v. *City of Huntington,* 153 Ind. 354.

The statute of 1899, *supra,* under its terms only professes to apply to contributory negligence, and can not be extended to relieve a plaintiff of the burden of showing in his complaint an absence of the assumption of risk on the part of the injured person, when required under the rule asserted and enforced by this court in cases previous to the enactment of the aforesaid act. The rule, as asserted in the cases last above cited, in respect to exacting the duty of a plaintiff in an action in which the relation of master and servant existed, to negative the fact that the injured person did not assume the risk incident to the danger in question, remains untouched and unchanged by the statute of 1899.

Counsel for appellee insist that the doctrine of the assumption of risk must be confined alone to cases of negligence wherein the relation of master and servant or other contractual relations existed between the parties at the time of the accident, and can not be extended to a class of cases to which the one at bar belongs. It may be said that the principle commonly denominated "assumption of risk," in

its technical sense or meaning, as recognized and applied in cases where the relation of master and servant or other contractual relations existed between the parties at the time of the accident, does not extend or apply to a class of cases to which the one under consideration belongs. Nevertheless we hold that what the authorities treat or consider as the doctrine of "incurred risk" or "taking the risk or hazard" or "running the risk" incident to a known and appreciated danger, whatever the terminology used to denominate the doctrine may be, is applicable to a case of the nature or character of the one under review. In such cases, however, the doctrine of "incurred risk" or "taking the risk" or "running the risk" may be said to rest upon, or be, in its nature, effect, and import, the equivalent, at least, of the principle expressed by the maxim *volenti non fit injuria,* and is not founded on the theory of an applied agreement or contract as is usually asserted in suits by a servant against the master. This doctrine or principle, as asserted, is of universal application, and is not confined alone to cases where the relation of the parties are of a contractual nature. Therefore, independently of such relations, there may be in a case like the one at bar an element to the effect that the injured party by his acts in the premises is shown to have incurred or taken upon himself the risk incident to a known and appreciated danger, and, if the facts disclose such a feature or element in the case, it should be recognized and treated accordingly, and not merely as one constituting contributory negligence. *Warren* v. *Boston, etc., R. Co.,* 163 Mass. 484, 40 N. E. 895; *O'Maley* v. *South Boston Gas Light Co.,* 158 Mass. 135, 32 N. E. 1119, 47 L. R. A. 161; *Thomas* v. *Quartermaine,* L. R. 18 Q. B. D. 685; *Miner* v. *Connecticut River R. Co.,* 153 Mass. 398, 26 N. E. 994; Thompson, Negligence (2d ed.), §184.

In order, however, that the principle to which we have referred may operate or be applicable to cases of the class of the one under review, it must appear that the injured per-

son had knowledge of the danger in question, and appreciated it, and voluntarily, or of his own choice, exposed himself to or encountered such danger, thereby incurring, or taking upon himself, the risk incident thereto.  See authorities above cited.  Where a person has knowledge of and fully appreciates a danger, and under such circumstances, without any special exigency compelling him, he exposes himself to such danger or peril, his act in the premises may be deemed to have been voluntary.  Contributory negligence in such a case can not properly be said to be an element therein, for certainly the voluntary act of a party in exposing himself to a known and appreciated danger is wholly incompatible with an act of negligence or carelessness, for it must be manifest that carelessness in regard to a matter is not the same as the exercise of a deliberate choice in respect thereto.  Freedom of the will, in fact, is the thing emphasized by the principle asserted in the maxim *volenti non fit injuria.*  It certainly must be true that, in an act where design is shown, the imprudence or negligence of the actor is wholly immaterial as a feature therein. That negligence and wilfulness are inconsistent or incompatible with each other is affirmed in *Parker* v. *Pennsylvania Co.,* 134 Ind. 673, 23 L. R. A. 552, and reaffirmed in *Cleveland, etc., R. Co.* v. *Miller,* 149 Ind. 490.  In such cases as are ruled by the principle asserted, the voluntary or wilful act of the injured party which brought about the injury is held, and properly so, to be the proximate and sole cause thereof.  The theory most generally affirmed, and the one upon which the contributory negligence of the injured person is held to bar a recovery in accident cases, is that his own carelessness or imprudence, under the circumstances, was either partly or wholly the cause of the injury sustained.

It is evident that contributory negligence and incurring the risk of a known and appreciated danger are two inde-

pendent and separate defenses which should not be confused with each other. Under the rule referred to and sanctioned in such cases as *City of Indianapolis* v. *Cook,* 99 Ind. 10, *Sale* v. *Aurora, etc., Turnpike Co.,* 147 Ind. 324, and *Citizens St. R. Co.* v. *Sutton,* 148 Ind. 169, in regard to a traveler on a public highway or street, the mere knowledge of the injured person in respect to the defects or obstructions encountered upon the highway or street, and to which the injury sustained is attributed, is held not alone to be sufficient to bar the action. Knowledge, however, in such cases is recognized as an important fact, to be considered together with all of the other facts and circumstances in the case, in determining whether the injured party was guilty of contributory negligence; and, under the rule prevailing prior to the passage of the act of 1899, the plaintiff in such cases was only required in his complaint, and under his evidence, to negative such negligence. Now, however, under the provisions of the above statute in such cases, if contributory negligence is an element therein, the burden is cast upon the defendant to interpose and prove it under the general denial as a defense to the action. There are many decisions of this court in actions outside of master and servant in which the injury complained of was imputed to dangerous defects or obstructions in either highways, streets, sidewalks, bridges, or pathways on the premises of another. In some of these appeals at least, if not all, this court, under the circumstances, while recognizing the doctrine of "incurred risk" or "taking the risk" of the danger therein by the injured person, nevertheless, without attempting to distinguish the difference between contributory negligence and that of "incurred risk," has treated the latter, so far as it may have been disclosed as an element under the particular facts, as constituting but a species of contributory negligence. The following cases will suffice to illustrate or verify what we assert: *President, etc.,* v. *Dusouchett,* 2 Ind. 585, 586, 54 Am. Dec. 467;

*Bruker* v. *Town of Covington,* 69 Ind. 33, 35 Am. Rep. 202; *Riest* v. *City of Goshen,* 42 Ind. 339; *City of Huntington* v. *Breen,* 77 Ind. 29; *Evansville, etc., R. Co.* v. *Griffin,* 100 Ind. 221, 50 Am. Rep. 783; *Town of Gosport* v. *Evans,* 112 Ind. 133, 2 Am. St. 164; *Morrison* v. *Board, etc.,* 116 Ind. 431.

In *Evansville, etc., R. Co.* v. *Griffin, supra,* the injury complained of was imputed to the negligence of the defendant in failing to cover a deep well situated on its premises, near to a pathway over which the plaintiff was accustomed to pass.    In passing thereon in the night-time he fell into the uncovered well and was injured.    The court in that case by Mitchell, J., in considering his right to recover, said: "If he undertook to follow the course of. the foot-path at night, knowing of the location and condition of the well, and by reason of the darkness, or other cause, missed the path and fell into the well, he can not recover, for the reason that it was negligence to take the risk."

In the appeal of the *Town of Gosport* v. *Evans, supra,* the action was based on the negligence of the town in maintaining a defective or dangerous sidewalk in the use of which plaintiff was injured.    Upon the evidence this court denied a recovery, on the ground that plaintiff was guilty of contributory negligence.    It is there said:    "If the defect in the pavement, which the plaintiff voluntarily encountered, presented an obstruction, or was of such a character that the town of Gosport was bound to take notice of it, so that it was guilty of negligence in not repairing it, the conclusion follows necessarily that the plaintiff, having full and equal knowledge of its character, was guilty of contributory negligence in venturing upon it, no matter how carefully she may have prepared for the encounter, nor with how much care she went upon it."

*Morrison* v. *Board, etc., supra,* was based upon the negligence of the county in maintaining a defective public bridge.    This court in that case said: "One who voluntarily

goes upon a structure, with full knowledge of its dangerous condition, and of the perils attending the venture, will be deemed to have done so at his own risk. * * * The law accounts it negligence for one, unless under compulsion, to cast himself upon a known peril, from which a prudent person might reasonably anticipate injury."

These cases serve to show that while the court recognized therein the principle which we assert, still it treated the act of the injured party, under the circumstances, as constituting a species of contributory negligence. It can not be said, however, that the court's action in so doing was wholly unwarranted by precedents, for many other authorities may be found which, without distinction, consider the principle expressed in the maxim *volenti non fit injuria* as embracing both contributory negligence and "incurred risk," and the latter is considered therein as a kind or species of the former. The following cases will serve to illustrate this fact: *Conroy* v. *Chicago, etc., R. Co.,* 96 Wis. 243, 70 N. W. 486, 38 L. R. A. 419; *Darcey* v. *Farmer's Lumber Co.,* 87 Wis. 245, 58 N. W. 382; *Kane* v. *Northern Cent. R. Co.,* 128 U. S. 91, 9 Sup. Ct. 16, 32 L. Ed. 339; *Lawrence* v. *Hagemeyer & Co.,* 93 Ky. 591, 20 S. W. 704; *Erslew* v. *New Orleans, etc., R. Co.,* 49 La. Ann. 86, 21 South. 153; *Clements* v. *Louisiana Electric Light Co.,* 44 La. Ann. 692-697, 11 South. 51, 16 L. R. A. 43, 32 Am. St. 348; *Bunt* v. *Sierra, etc., Co.,* 138 U. S. 483, 11 Sup. Ct. 464, 34 L. Ed. 1031; *Alabama, etc., R. Co.* v. *Hall,* 105 Ala. 599, 17 South. 176; *Louisville, etc., R. Co.* v. *Woods,* 105 Ala. 561, 17 South. 41; *King* v. *Ford River Lumber Co.,* 93 Mich. 172, 53 N. W. 10; *Laning* v. *New York Cent. R. Co.,* 49 N. Y. 521, 10 Am. Rep. 417; *Cullen* v. *Norton,* 52 Hun 9, 4 N. Y. Supp. 774; *Burgin* v. *Richmond, etc., R. Co.,* 115 N. C. 673, 20 S. E. 473; *Turner* v. *Goldsboro Lumber Co.,* 119 N. C. 387, 26 S. E. 23; *Alcorn* v. *Chicago, etc., R. Co.,* 108 Mo. 81, 18 S. W. 188; Broom, Legal Maxims (8th ed.), 268; Black,

Law & Prac., §333.  In this latter work the author says: "The assumption of risk is a species of contributory negligence."  In *Coley* v. *North Carolina R. Co.*, 129 N. C. 407, 40 S. E. 195, 57 L. R. A. 817, the supreme court of North Carolina clearly distinguish between assumption of risk and contributory negligence, and hold that they are not equivalent defenses, but are essentially different in their nature and results.

In the cases decided by this court to which we have referred, no question, it appears, was either raised or decided to the effect that it was essential to negative in the complaint not only contributory negligence but also the fact that the injured person did not incur the risk of the danger of which he complained.  In fact, we have discovered no decision in any case of the character or nature of the one at bar where this court as a question of pleading has either upheld or denied the contention of counsel for appellant. The question, therefore, under the circumstances, may be considered as being presented for the first time in this appeal.  As it is an open one in this jurisdiction, a decision thereof adverse to the insistence of appellant's counsel will consequently not contravene any ruling precedent of this court.  We may again assert, however, that the rule enforced in *Peerless Stone Co.* v. *Wray,* 143 Ind. 574, and in other cases where the relation of master and servant existed at the time of the accident by which the plaintiff is required in his complaint to negative the assumption of the risk incident to the danger arising out of the particular negligence of the defendant, is not affected by the statute of 1899, and still prevails.

We are of the opinion that no sufficient reasons can be advanced for declaring the rule, as contended for by counsel for appellant, by holding that, as a matter of pleading, the plaintiff should have shown that by her voluntary act in going upon the bridge in controversy, under the circumstances, she did not thereby take upon herself or incur the

risk incident to the danger which she encountered. If, under the facts, it could be said that the plaintiff incurred or had taken upon herself the risk incident to the dangerous condition of the bridge in question, the burden was upon the defendant to interpose and prove it under the general denial as a defense to the action.

Again, upon another view of the question, while possibly it may be said that the legislature, by the term "contributory negligence" as expressed in the statute of 1899, *supra,* intended thereby to include or embrace the element also of "incurred risk" in cases like the one at bar, where no contractual relations existed between the parties by reason of the fact that this court had previously treated and considered this element as being in its nature or character but a species of contributory negligence. Therefore, upon this view, the plaintiff would be relieved of the burden by virtue of this statute which counsel for appellant contend she should assume as a matter of pleading and proof, for the act in question expressly casts the burden of proving contributory negligence, in all actions seeking to recover for personal injuries, upon the defendant.

The complaint expressly shows that the negligence of the defendant was the proximate and sole cause of the injury sustained, and under the facts therein alleged it was sufficient to withstand a demurrer.

Some other minor objections are urged against the pleading, but these, in our judgment, are without merit. Other questions are discussed by counsel for appellant, but these all depend upon the evidence, which is not in the record for at least the following reasons: (1) What purports to be a bill of exceptions embracing the evidence does not appear to have been presented to the trial judge for his signature within the time allowed by the court; (2) the bill is not shown to have been filed, either in open court or with the clerk, after being signed by the judge. See act of March 8, 1897 (Acts 1897, p. 244); *Adams* v. *State,* 156 Ind. 596.

The record presents no available error, and the judgment is therefore affirmed.

## On Petition for Rehearing.

Per Curiam.—Under the petition for a rehearing counsel for appellant renew their discussion of the proposition that appellee's complaint is not sufficient to state a cause of action, because it does not allege or show an absence of knowledge on her part in respect to the defective and unsafe condition of the bridge  It is specially contended that the court erred in holding that such knowledge or notice on her part, if any, could have been interposed by appellant, and proved under the general denial as a matter of defense to the action  Counsel make the claim that if appellee was not required to disclose by her pleading an absence of such knowledge as a fact essential to her cause of action, then, under the circumstances, if her voluntary action in entering upon the bridge, with notice of its unsafe condition, is a matter of defense, it must be interposed and set up as such by way of a special affirmative answer, and can not be proved by the defendant as held under the general denial, for the reason, as asserted, that the general denial, as a pleading, merely traverses and puts in issue the material facts alleged in the complaint  The error of appellant's learned counsel in this contention is due to the fact that they accord too narrow a scope or design to the general denial under our civil code.

In *Jeffersonville Water Sup. Co.* v. *Riter,* 146 Ind. 521, this court, in considering the scope of a general denial, said: "A defendant, under the general denial, is not confined to negative proof in denial of the facts stated in the complaint, as a cause of action, but may, upon the trial, introduce proof of facts independent of those alleged in the complaint, but which are inconsistent therewith, and tend to meet and break down or defeat the plaintiff's cause of

action. Works' Practice, Vol. 1, §579; Pomeroy's Rem., §644; Bliss, Code Pleading, §321; Boone, Code Pleading, §65 (Pony Series); Code 1881, §127; R. S. 1881, §377; *Balue* v. *Sear,* 131 Ind. 301." *East* v. *Peden,* 108 Ind. 92. It is true that the defendant in the case at bar might, if it so desired, have set up the defense in question by an affirmative plea or answer, but this it was not required to do in addition to pleading the general denial.

We have again fully considered the questions presented by appellant's counsel, but are satisfied that the holding of the court in the former hearing was right; therefore the petition for rehearing is overruled.