## TELLING BELLE-VERNON CO v WIGGINS

Ohio Appeals, 8th Dist, Cuyahoga Co.

No 12451. Decided June 20, 1932

MAUCK, PJ, MIDDLETON, J (4th Dist), FARR, J (7th Dist), sitting.

J. R. Kistner, Cleveland, for plaintiff in error.

J. B. Dworkin, Cleveland, for defendant in error.

FARR, J.

The first assignment for error is that "Wiggins incurred the risk by peremptorily ordering defendant's driver to wait" and to sustain this claim of error, the following cases are cited:

Miner v Conn. River R. Co., 153 Mass. 398.

Natural Gas Co. v O'Brien, 160 Ind. 266-273.

**Oyler v Stokes et, 16 Oh Ap 427-29.**

**Myers v Park Play Inc., 35 Oh Ap 336.**

An examination of these cases discloses that they are not precisely upon the point and therefore are not persuasive in the instant case. The record discloses that Wiggins, seeing the horses and wagon just in the rear, requested the driver of the wagon to wait and that he would move out and give him more room. This was not given in the way of a command, but rather as a request. It is just such request as a person of ordinary prudence would make under such circumstances. Therefore, that ground of error cannot avail.

Second, it is claimed that the ordinance of the city of Cleveland is unreasonable and void. It reads as follows:

"No vehicle shall stop on any street except with front and rear right wheels within one foot of the curb, or in any such way as to obstruct the free passage of the street, provided that nothing in this section shall be held to apply whenever a driver of a vehicle is compelled to stop by reason of other regulations contained in this sub-section."

Rev. Ord. City of Cleveland, §2441.

It will be observed that it practically follows the Ohio statute in that respect, §6310-27 GC, with the exception of the words "or emergency" which the statute carries and the ordinance does not. In **State of Ohio v O'Mara, 105 Oh St 94,** it is held that a similar ordinance is valid and not unreasonable or void. Therefore, that ground of error cannot be maintained.

Third, and lastly, it is claimed that the court erred in charging the jury that the violation of the ordinance was negligence per se. This issue is settled in **Heidle v Baldwin, 118 Oh St 375,** in the seventh proposition of the syllabi, as follows:

"The state statutes do not require the driver of a vehicle on an intersecting highway to bring his vehicle to a full stop and where this requirement is made by the provisions of a city ordinance a greater obligation is imposed upon drivers upon intersecting streets within the limits of such municipality and it is proper to charge under such an ordinance that the failure to bring the vehicle to a full stop is negligence per se and actionable where such failure is the direct and proximate cause of collision."

The facts are practically undisputed in this case and plaintiff in error raises no question about the weight of the evidence, the amount of the verdict, or the extent of the injury, but bases its right to reversal principally upon the ground that the plaintiff himself incurred the risk by peremptorily ordering defendant's driver to wait, which, as before stated, was a request and not a demand. At any rate Wiggins was entering his car to get out of the way. It follows therefore that the record discloses no prejudicial or reversible error and the judgment is affirmed.

MAUCK, PJ, and MIDDLETON, J, concur.